# Richmond.

## FINNEY v. CLARK.

### NOVEMBER 7th, 1889.

1. JUDGMENT—*No service of process.*—"Legal service" of summons against defendant was accepted by his son without his knowledge or authority: *held*, there was no legal service on defendant, and the judgment was void.

2. IDEM—*Chancery—Injunction—Case at bar.*—Defendant applied to chancery court to enjoin the collection of said judgment, but raised no issue as to the merits. Plaintiff in his answer raised such issue. The court of its own motion, in vacation, made an order that a commissioner take an account of any set-offs of defendant against plaintiff in the action at law. Commissioner reported the judgment valid, and a decree was entered against defendant: *held*, the only question before the chancery court was the validity of the judgment, and it had no right to take jurisdiction of the merits of plaintiff's claim.

3. IDEM—*Nullity—Injunction.*—Where for want of service of process judgment is void, collection of execution should be enjoined, the judgment vacated, and the cause remanded to be proceeded in at law by an *alias* summons properly served.

Argued at Wytheville. Decided at Richmond.

Appeal from decree of circuit court of Russell county, rendered August 15, 1888, in a chancery cause wherein the appellant, L. Finney, is complainant, and the appellees, M. C. Clark and A. F. Hurt, sheriff of said county, are defendants. Opinion states the case.

*Henry & Graham* and *J. C. Gent*, for the appellant.

*H. A. Routh*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Russell county, rendered on the 15th day of August, 1888, in a chancery cause wherein the appellant, L. Finney, is complainant and M. C. Clark and A. F. Hurt, sheriff of Russell county, are defendants.

The facts disclosed by the record are: That the defendant in error, M. C. Clark, on the 18th of June, 1887, sued out a summons from the clerk's office of the circuit court of Russell county in an action of assumpsit against the plaintiff in error, L. Finney, returnable to the first Monday in July, 1887. The writ was never executed on L. Finney by personal service nor by leaving a copy with any white member of his family with explanations, nor by posting a copy on the door of his usual place of abode. "Legal service" of the said writ was accepted by "E. S. F.," a son of L. Finney, who was not a member of L. Finney's family, was not his attorney, nor a party to the suit, and who had no authority, as attorney in fact or in any other way, to accept service of process issued against L. Finney; nor did he inform L. Finney of his said acceptance, nor did L. Finney assent, at any time, to his said acceptance. The cause was put upon the docket of the circuit court, and at the August term, 1887, it was remanded to rules to be properly matured. There, without any other summons or service, or any appearance, the cause was proceeded in, at rules, a writ of enquiry awarded, and it was placed upon the docket of the circuit court, when (without any legal service the defendant, L. Finney, not appearing), on motion of the plaintiff, Clark, the writ of enquiry, which had been awarded at rules, was submitted to the court, and, "witness being examined and cause fully heard," the court rendered judgment against the defendant, L. Finney, for $524 23, with interest from 21st

December, 1886, and the costs.   Execution issued on this judgment and went into the hands of the sheriff of Russell county.   During this time and these proceedings, the defendant, L. Finney, was absent, hundreds of miles away, in Fauquier county, with cattle, and, in returning thence, he was injured in a railroad accident, and was an invalid for a long time in Roanoke City, Va., near where the said railroad accident occurred.   Upon his return to Russell county he learned of the proceedings had, and on 31st December, 1887, he applied for and obtained from the judge of the circuit court of Russell county an injunction restraining M. C. Clark and the sheriff of Russell county from collecting the said judgment.

The only issue presented in the bill for injunction is as to the validity of the judgment, which, it is charged, is void for want of legal service of the writ, and the prayer of the bill is that the collection of the execution be restrained and enjoined, and the judgment vacated, and that the defendant, L. Finney, have the opportunity of making his defence at law in the action of assumpsit.   No issue is raised in the bill for injunction on the merits of the plaintiff Clark's claim.   Clark answered the bill, and moved for dissolution of the injunction; and, in his answer, he raises the question as to the merits of the account or claim upon which he had elected his remedy at law and based his action of assumpsit.

The court, not passing on the validity of the judgment, and not dissolving the injunction, made an order in vacation, not at the instance of either party, and against the will of the defendant, L. Finney, directing a master commissioner to take an "account of any payments or set-offs which the plaintiff may have to the demand asserted in the action of assumpsit."

The commissioner proceeded under this order and took depositions, and made his report ("A"), which was excepted to by Finney, charging Finney with the judgment as valid; and the court, overruling Finney's objections and exceptions, confirmed the said report "A," sustained the validity of the

judgment, dissolved the injunction, and dismissed the bill of Finney with costs.

From this decree Finney appeals. We are of opinion that the decree complained of is erroneous. The account upon which Clark sued at law in assumpsit was partly partnership and partly individual; and if the circuit court on its chancery side would have had jurisdiction, and the plaintiff in the action (Clark) had choice between his remedy at law and in equity, he had elected to proceed at law, and the circuit court had no power to shift the cause from its law side to its equity side of its own mere motion and by a decree in vacation. When the only issue before it was the validity of the judgment, it was error in the court to assume the place of a jury to try simply a question of payments or set-offs, and to substitute its commissioner for a jury.

The judgment is invalid and void, there never having been any service of the writ on the defendant Finney. The burden of proof is on the plaintiff (Clark) to show that E. S. Finney was authorized or empowered to accept sérvice of the process against the defendant, L. Finney. Not only is no such proof produced, but it is expressly proved, by E. S. Finney himself and by L. Finney, that E. S. Finney had no such authority. The whole proceeding, subsequent to the issuance of the writ, is invalid and void, and the execution issued on the judgment should have been restrained and perpetually enjoined. The decree of the court in vacation ignores the question of validity, and assumes the validity of the judgment in the face of the depositions and the record, showing that there had been no service of the writ. It does not direct any inquiry into the account on which the suit was brought, and on which the judgment was rendered, but only into payments and set-offs—a question not for a master, but purely for a jury.

When the bill presents only the question of the validity of the proceedings resulting in the judgment, and does not in any way raise the question on the merits, or bring them before the

court, the court, of its own motion, shifts the law suit to the chancery side and assumes chancery jurisdiction on the merits of the case. The cases cited to sustain the jurisdiction in chancery do not cover or apply to this case.

The court erred in the decree in vacation, *ex mero motu*, and in its final decree dissolving the injunction and sustaining the judgment. It should have perpetuated the injunction and vacated the judgment, and all proceedings except the issue of the original writ in the action of assumpsit, and have remanded the cause to be proceeded in at law by *alias* summons properly served. As the record presented shows no memorandum of payments or set-offs, no itemized statement of the accounts between the parties, it is impossible for this court to determine the merits, nor is it incumbent on it to consider them.

The circuit court in chancery had no jurisdiction after the election by the plaintiff (Clark) of his remedy at law. The fact that the appellant (Finney) appeared before the commissioner does not amount to a consent or acquiesence; it was compulsory; nor could his consent give jurisdiction in chancery. Finney had a right to appeal from the vacation order, and should have done so. Even were the final result substantially right, this court cannot affirm the erroneous proceedings by which it was arrived at, nor establish a precedent of practice which would cause interminable confusion. The decrees complained of are reversed and annulled, with costs to the appellant, and the cause is remanded, with instructions to the circuit court to perpetuate the injunction, to vacate the judgment and all the proceedings in the action of assumpsit subsequent to the issue of the original writ, and the action at law to be proceeded in from that, if the plaintiff (Clark) shall desire so to do, having first paid all the costs adjudged against him.

DECREE REVERSED.