𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

90  181
90  231

## MOORE v. GREEN.

### JULY 20th, 1893.

1. VENDOR'S LIEN—*Decree of sale.*—A portion of amount not being due, where the time when due is stated in a decree of sale to enforce a vendor's lien, does not render the decree erroneous.
2. IDEM—*Decree for re-sale.*—If it be error to decree to plaintiff the right to recover on a vendor's lien for an amount not then due, such error will be cured by a decree for re-sale after the amount becomes due.
3. JURISDICTION—*Decree.*—A recital in a decree that all the defendants had been duly summoned, is conclusive on appeal in the absence from the record of anything to the contrary.

Appeal from decree of circuit court of Smyth county, rendered December 15, 1891, in the chancery causes wherein J. C. Green and others were complainants, and the appellants, L. A. Moore and Nathaniel Hibbert, were defendants. Opinion states the case.

*Blair & Blair*, for appellants.

*Walker & Caldwell*, for appellees.

LEWIS, P., delivered the opinion of the court.

On the 12th of September, 1890, the appellees conveyed to the appellants certain real estate, situate in Symth county, for $35,000. Of this sum $11,666 66 was to be paid in cash; the residue in three equal instalments of $7,777 77, payable, re-

spectively, at six, twelve and eighteen months from the 15th
of November, 1890, with interest.   The appellants subse-
quently sold the land to Morris, Turner and Timlin, by whom
the cash payment, above mentioned, was paid to the appellees,
pursuant to the contract between the parties.

In October, 1891, the note for the first deferred payment
being due and unpaid, the appellees filed their bill to enforce
the vendor's lien reserved on the face of their deed of the 12th
of September, 1890.   Process to answer the bill was issued,
and, as the record recites, was duly served on all the defen-
dants.   The cause having been matured, a decree of sale
was entered on the 15th of December, 1891, on the bill taken
for confessed as to all the defendants.   This decree, after recit-
ing that all the defendants had been duly summoned, adjudged
that "the defendants are indebted to the plaintiffs in the sums
named in their bill, to-wit: to the amount of $23,333 31, with
interest thereon from November 15, 1890, of which sum
$15,555 54, with interest, *is due* and payable, and $7,777 77,
with interest, *will be due* and payable on the 15th day of May,
1892."

Subsequently the commissioner of sales filed his report, and
afterwards, at the April term, 1892, the appellants answered.
They also, at the same term, excepted to the report of sale, on
the ground of inadequacy of price, which exception the court,
by a decree entered at the August term, 1892, sustained, and
ordered a re-sale.

The present appeal was taken from the decree of December
15, 1891; and there are two assignments of error.   The first
is that " it was error to decree to the plaintiffs the right to re-
cover from petitioners $7,777 77, which sum was not due
and payable at the time of said decree."   This assignment is
sufficiently disposed of by the language of the decree above
quoted, from which it appears that the court decreed (quite
superfluously), not that the specific sum was due, but that it
would become due on the 15th day of May, 1892, which is not

disputed. Besides, when the appellants' exception to the re-
port of sale was sustained, and a re-sale was ordered, the whole
of the purchase-money had become due; so that, even if the
first decree were susceptible of the construction put upon it in
the petition for appeal, it would not be an error to the preju-
dice of the appellants.

The second assignment of error is "that it was error to en-
ter the decree aforesaid without the court having before it the
return of an officer showing that petitioners had been sum-
moned to court." This objection, like the first, is so entirely
without merit as hardly to deserve serious consideration. The
decree recites on its face that all the defendants had been duly
served with process, and in the absence of anything in the
record to the contrary, the presumption is conclusive that the
recital is true. *Hill* v. *Woodward*, 78 Va., 765; *Ferguson's
adm'r* v. *Teel*, 82 *Id.*, 690, 697. In both of these cases the court,
speaking by Judge Richardson, said: "When a court of gen-
eral jurisdiction has pronounced judgment, its adjudication
should be as conclusive on the question whether a party was
duly notified as on any other point necessary to a proper de-
termination of the cause."

In the present case, whilst it appears that process was re-
turned executed on the husband of the female appellant, Mrs.
Moore, it does not affirmatively appear that process was served
on her. But, as was said in the Fergusson case, another copy
of the original writ may have been served on her, or the fact
of service may in some way have been satisfactorily shown to
the court below, though not affirmatively appearing by the
record before us.

The appellants, moreover, appeared in the lower court and
answered, and the objection that they were not duly summoned
is for the first time made in the petition for appeal. This was
too late to raise such an objection. In the pertinent language
of the Supreme Court in *Creighton* v. *Kerr*, 20 Wall., 8, which

was approved by this court in *A. & D. R. R. Co.* v. *Peake*, 87 Va., 130, 140, "a general appearance waives all question of the service of process. It is equivalent to personal service. The question of jurisdiction only is saved."

The case is too plain for further discussion.

DECREE AFFIRMED.