## Richmond

BEATRICE NIXON, ADMINISTRATRIX OF THE ESTATE OF WILLIAM
T. GRIFFIN, AN INFANT V. HAMILTON ROWLAND, SR., AND
HAMILTON ROWLAND, JR.

March 12, 1951.

Record No. 3756.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Louis B. Fine,* for the plaintiff in error.

*Major M. Hillard,* for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

William T. Griffin, an infant nine years and ten months of age, came to his death as a result of injuries sustained by being struck by an automobile operated by Hamilton Rowland, Jr. Beatrice Nixon qualified as administratrix of the estate of the infant, and as such instituted this proceeding by notice of motion

for judgment against Hamilton Rowland, Sr. and Hamilton Rowland, Jr., father and son, alleging that, at the time of the accident, the automobile was being operated by Hamilton Rowland, Jr., "in and upon the business of Hamilton Rowland, Sr., and as his agent." Personal service of the motion was had on Hamilton Rowland, Sr., but not on his son.

On June 3, 1946, the following court order was entered:

"This day came the parties by their attorneys, and on motion of the plaintiff, it is ordered that this case be docketed. Thereupon the defendants appeared by M. M. Hillard, their attorney, and pleaded Not Guilty, to which the plaintiff replied generally, and on which plea, issue is joined, and on motion of the defendants, leave is granted to file special pleas."

Hamilton Rowland, Sr., filed an affidavit denying ownership, operation, or control of the automobile at the time of the accident.

On June 30, 1947, and December 18, 1947, orders were entered, each reading:

"This day came the parties by their attorneys, and on motion of the plaintiff, by counsel; It is ordered that this case be continued generally."

The next order was dated March 10, 1949, more than three years after the accident:

"This day came the plaintiff by Louis B. Fine, Attorney and the defendant John Hamilton Rowland, Jr., by his Attorney Major M. Hillard and appeared specially and moved to dismiss proceedings as to John Hamilton Rowland, Jr., which motion the Court does take time to consider and does continue until April 6, 1949."

The case was tried on December 21, 1949, and the final judgment order was in the following language:

"This day came the parties in person and by counsel, and the defendants by counsel moved the Court to abate Hamilton Rowland, Jr., from this case on the grounds that Hamilton Rowland, Jr., has not been served notice, and that he, Hamilton Rowland, Jr., was in the Armed Services and in France at the time the Notice of Motion was served, which motion the Court doth sustain and the plaintiff duly excepted; thereupon came a jury, to-wit: * * *, and after having fully heard the plaintiff's evidence, the defendant by counsel, and in absence of the jury, moved the Court to strike the evidence of the plaintiff upon the grounds that the defendant, Hamilton Rowland, Sr.,

did not own the automobile and that Hamilton Rowland, Jr., was not in and upon the business of the said Hamilton Rowland, Sr., or as his agent, which motion the Court sustained, and the plaintiff by counsel duly excepted; thereupon the jury being so instructed, retired to their room to consult of a verdict, and after sometime, returned into Court having found the following verdict, 'We the jury find for the Defendant.' "

The assignments of error present two questions for our determination. The first is whether the court erred in abating the action as to Rowland, Jr., because of lack of service of the notice of motion on him personally. The second is whether the evidence showed the relationship of principal and agent between the defendants.

■ It is conceded that a general appearance in a case is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court; but to have this effect the appearance must have been authorized. *Beck* v. *Semones*, 145 Va. 429, 134 S. E. 677; *Norfolk, etc., R. Co.* v. *Sutherland*, 105 Va. 545, 54 S. E. 465; Burks' Pleading and Practice, 3rd Ed., page 55; 2 M. J., Appearances, section 14, page 9; 6 C. J. S., Appearances, section 17, page 47 *et seq.;* 3 Am. Jur., Appearances, section 3, page 783 *et seq.*

Hamilton Rowland, Jr., contends that the general appearance of M. M. Hillard on his behalf was unauthorized, and that the burden of showing authorization was on the plaintiff. The record contains no evidence on this question. In the brief of defendants filed by Mr. Hillard, their counsel, it is stated that the evidence of Rowland, Jr., and Mr. Hillard, relating to that question, was taken in the chambers of the court and inadvertently omitted from the record by the court reporter. Their version of that evidence is as follows:

Mr. Hillard said that soon after the service of the notice of motion on Rowland, Sr., the latter came to him, brought the notice of motion, and asked him to represent both of the defendants; that accordingly he appeared generally on June 3, 1946, and pleaded the general issue for both defendants; that he never saw Rowland, Jr., nor had any communication with him until the latter returned from service overseas, a year and a half later; that Rowland, Jr., and his father then employed Mr. Tom E. Gilman as counsel to assist in the trial of the case; that Rowland, Jr., came to him and informed him that he, Rowland,

Jr., had never been served with process; and, he, Hillard, thereafter appeared specially on behalf of said Rowland, Jr., as shown by the record. Rowland, Jr., said that he went overseas in the Armed Services shortly after the accident; that he had not employed or communicated with any counsel; that he had not communicated with his father about employing counsel; and did not employ counsel until his return from overseas.

It does not appear that Rowland, Sr., an available witness, testified about the employment of counsel, or disavowed authority from his son to employ counsel. The question was not raised until "a considerable time after" the return of Rowland, Jr., from overseas. In the meantime, the continuance orders, entered with the recorded consent of counsel, lulled the plaintiff into the belief that Rowland, Jr., had become subject to the jurisdiction of the court, and preserved the right of that defendant to contest the case on its merits upon his return home.

Regardless of the admissibility of the statements, extrinsic of the record, it is not disclosed whether they were made under oath, or whether Rowland, Jr., knowing that his father had employed counsel for both defendants, assented to such employment.

The judgment order of December 21, 1949, recites that the grounds of the motion to abate the action as to Rowland, Jr., were "that Hamilton Rowland, Jr., has not been served notice, and that, he, Hamilton Rowland, Jr., was in the Armed Services and in France at the time the notice of motion was served." The grounds recited do not question the recorded general appearance, which was equivalent to personal service of process, wherever the defendant was located.

There was no motion for withdrawal of the alleged unauthorized appearance, or amendment of the record. There was no claim or evidence that Mr. Hillard, an experienced attorney of ability and high character, counsel for both defendants in the trial of the case and before us, was, before his special appearance for Rowland, Jr., an interloper, and wrongfully acted for that defendant.

■■ The authorities seem to be agreed that an appearance by a regular attorney is presumed to be authorized; but that the presumption is rebuttable.

In 3 Am. Jur., Appearances, section 9, page 787, this is said:
"While an appearance may be made for a party by an at-

torney, it is, of course, necessary that the attorney have the authority to make such appearance. As a general rule, the existence of this authority on the part of the attorney is presumed from the fact that he entered an appearance; however, this presumption is rebuttable.''

In 2 M. J., Appearances, section 10, page 5, we find:

''An appearance for a party not served, by counsel who has no authority to waive process and defend the suit, does not bind the party, and the judgment or decree is a nullity. Nevertheless, although an attorney cannot, without special authority, admit service of jurisdictional process upon his client, yet it will be presumed in all collateral proceedings, and perhaps on appeal or in error, that a regular attorney at law who appeared for a defendant, though not served, had authority to do so.''

The Supreme Court of Appeals of West Virginia, in considering the question of an attorney's authority to enter an appearance, said:

''* * * the orders showing the appearance are presumed to be correct, and the burden was upon the party moving the correction to show they were incorrect. This court laid down the rule in *Smith* v. *Johnson,* 44 W. Va. 278, 29 S. E. 509, as follows: 'When a defendant, by bill in equity, seeks to nullify a judgment at law obtained against him without service of process upon unauthorized appearance of attorney, to succeed he must have a clear preponderance of evidence sustaining the allegation of his bill.' '' *Chilhowie Lbr. Co.* v. *Lance & Co.,* 50 W. Va. 636, 41 S. E. 128.

After a careful search, we have found only one Virginia case in point, *Fisher* v. *March* (1875), 26 Gratt. (67 Va.) 765, where plaintiff brought a declaration in assumpsit, and defendant appeared by his attorney and filed a plea of non assumpsit. In holding that the burden of proof was upon March to show that the appearance by his attorney was unauthorized, the court said:

''The record thus shows that the defendant did appear by attorney in this case: and if the record be not conclusive upon that question in this case, it certainly affords very strong *prima facie* evidence of the fact, and ought to prevail, in the absence of stronger evidence to the contrary *de hors* the record.''

The case of *Finney* v. *Clark,* 86 Va. 354, 10 S. E. 569, relied on by Rowland, Jr., is readily distinguishable from the present case. There ''legal service'' of process against L. Finney ''was

accepted by 'E. S. F.,' a son of L. Finney, who was not a member of L. Finney's family, was not his attorney, nor a party to the suit, and who had no authority, as attorney in fact or in any other way, to accept service of process issued against L. Finney; nor did he inform L. Finney of his said acceptance, nor did L. Finney assent, at any time, to the said acceptance." It was held that the burden of proof was on the plaintiff to show that E. S. Finney was authorized or empowered to accept the said service, and there was not only no such proof produced, but that, on the other hand, it was "expressly proved by E. S. Finney himself and by L. Finney, that E. S. Finney had no such authority."

In the present case, the record shows that Rowland, Jr., did make a general appearance by attorney. Lack of authority was not assigned as a ground for abatement of the action. The circumstances, then and thereafter, give added force to the presumption that the appearance was authorized. That presumption has not been rebutted by clear and satisfactory evidence *de hors* the record. Accordingly, we conclude that the court erred in dismissing him as a defendant.

The second assignment of error presents little difficulty. It is based on inferences arising from the relationship of the defendants to each other, and on the claim that, at the time of the accident, Rowland, Jr., as agent of his father, was transporting in the automobile involved in the accident two passengers to a place of business where they were employed by Rowland, Sr., the owner and operator of the business.

Only a brief summary of the evidence is necessary. Rowland, Sr., and his son lived separate and apart, and had no business connections. The automobile which struck the child belonged to Rowland, Jr., the title was registered in his name, and he kept it at his home.

Rowland, Sr., owned a building which he had formerly operated as a restaurant under the name of "Lone Oak." In the third week of January, 1946, he leased the building and fixtures to a man named Slaughter, and thereafter was not connected with the operation of the restaurant.

On February 11, 1946, the date of the accident, Rowland, Jr. was spending the last day of his furlough from the Army on a visit to his home in Norfolk county. Shortly after three p. m. of that day, driving his car, he carried his "girl friend" home from school. After he had done this, he remembered that there were two women in the neighborhood who went to work every

day around four or five o'clock at the restaurant, operated by Slaughter. He knew that someone usually carried them to their place of employment, and decided, without suggestion or request of anyone, to pick them up and carry them to the restaurant. This he did, and both women were passengers in his car when the accident occurred. Both of the women testified that they were employed by and paid by Slaughter, the operator of the restaurant. They said they had formerly been employed by Rowland, Sr., when he operated the restaurant; but, sometime before the date of the accident, they entered into employment by Slaughter.

It is elementary that, in the absence of the relation of master and servant, or principal and agent, a father is not liable for the tort of his child. *Cohen* v. *Meador,* 119 Va. 429, 89 S. E. 876; *Blair* v. *Broadwater,* 121 Va. 301, 306, 93 S. E. 632, L. R. A. 1918A, 1011; *Oliver* v. *Simmons,* 161 Va. 294, 300, 170 S. E. 583; *Hackley* v. *Robey,* 170 Va. 55, 65, 195 S. E. 689; 2 M. J., Automobiles, section 50, page 513.

We have repeatedly approved the following statement:

"The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong *at the time and in respect to the very transaction out of which the injury arose." Manuel* v. *Cassada,* 190 Va. 906, 913, 59 S. E. (2d) 47; *Barnes* v. *Hampton,* 149 Va. 740, 744, 745, 141 S. E. 836; *Blair* v. *Broadwater, supra,* page 308. See also, 35 Am. Jur., Master and Servant, section 552, page 985; 57 C. J. S., Master and Servant, section 562, page 273; 2 M. J., Automobiles, section 49, page 511.

The evidence signally fails to show that Rowland, Jr., was acting in any capacity for his father, and the trial court quite properly struck the evidence as to Rowland, Sr.

It follows from what has been said that the judgment should be affirmed as to Hamilton Rowland, Sr., and reversed as to Hamilton Rowland, Jr., the latter being reinstated as party defendant, and the case remanded for trial as to him.

*Affirmed in part; reversed in part; and remanded.*