COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SAMUEL BUNYAN DAVIS, JR.
                                        MEMORANDUM OPINION*
v.   Record No. 1125-97-1                  PER CURIAM
                                         NOVEMBER 18, 1997
LOUISE BARCLAY DAVIS


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    James C. Godwin, Judge Designate

                (Samuel B. Davis, Jr., pro se, on brief),
                for appellant.

                (Kenneth B. Murov; Kevin W. Grierson;
                Jones, Blechman, Woltz & Kelly, on brief),
                for appellee.



        Samuel Bunyan Davis, Jr. (husband) appeals the equitable

distribution decision of the circuit court.  Husband challenges

the sufficiency of the service, alleges Louise Barclay Davis

(wife) was subject to undue influence, and challenges the

equitable distribution award.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

        Husband contends that he did not receive proper service of

the initial filings and that the pendente lite order was entered

without proper service.  Code § 20-99 provides that process and

notice in divorce cases "shall be served in this Commonwealth by

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

any of the methods prescribed in § 8.01-296 by any person authorized to serve process under § 8.01-293." Code § 8.01-296 provides for personal service or substituted service through posting at the usual place of abode. The orders entered in the proceedings below noted that husband was not present but was duly served. The commissioner's report also noted that husband was properly served.

The record supports the findings of the court and the commissioner that husband was properly served. The record reflects that husband was served with the bill of complaint on September 18, 1995, by posted service. Husband was served by posting at his usual place of abode, the marital home, with notice of the rescheduled pendente lite hearing. He was served with a supplemental notice of hearing for entry of the pendente lite order, and a copy of the bill of complaint, by posting at his residence on May 7, 1996, and was videotaped collecting the documents served. He was similarly personally served prior to the commissioner's hearing.

Moreover, husband made a general appearance in this matter by filing objections to the commissioner's report and a motion for summary judgment. While the motion for summary judgment alleges that the "first order entered in this cause . . . was without jurisdiction and before [husband] was properly before the court," husband's filing of objections to the commissioner's report that did not attack the court's jurisdiction waived his

2

objections to the court's exercise of personal jurisdiction.  <u>See</u>
<u>Nixon v. Rowland</u>, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951).

Therefore, we find husband's contention that service was insufficient and that he thereby was denied due process of law to be without merit.

Husband also alleges, without citation to the record, that wife was the victim of a conspiracy between the trial judge and wife's counsel, and that the distribution of marital assets was not equitable.  Husband elected not to present evidence at the hearings below.  Because no evidence supports his allegations, husband has not demonstrated that the trial court committed reversible error.

Accordingly, the decision of the circuit court is summarily affirmed.  In addition, we grant appellee's motion for attorney fees and remand this matter to the trial judge for an assessment of a reasonable fee.

<u>Affirmed.</u>