Present:  All the Justices

MARILYN LYREN

v.  Record No. 050768  OPINION BY JUSTICE CYNTHIA D. KINSER
                                      January 13, 2006
CHRISTOPHER OHR, ET AL.

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Kathleen H. MacKay, Judge


    The issue in this appeal concerns whether a defendant,

who was served with process more than one year after

commencement of an action and did not take advantage of

that defect in service of process by filing a motion in

accordance with Code § 8.01-277, can raise the bar against

judgment in Rule 3:3(c) after having entered a general

appearance by filing a pleading to the merits.  Because a

general appearance waives all questions concerning service

of process, we will reverse the judgment of the circuit

court granting a motion to dismiss under Rule 3:3(c).

                RELEVANT FACTS AND PROCEEDINGS[1]

    The appellant, Marilyn Lyren, filed a motion for

judgment against Christopher Ohr on December 27, 2002,

seeking damages for personal injuries she allegedly

sustained as a result of an automobile accident.  Process

---

    [1]  The facts are taken from a written statement of
facts filed pursuant to Rule 5:11(c).

was not issued until December 2003.  Ohr filed an "Answer and Grounds of Defense" on January 14, 2004.

Before filing his grounds of defense, Ohr's attorney contacted Lyren's attorney to confirm that proper service of process had been made upon Ohr.  On several occasions between January 2004 and August 28, 2004, Lyren's attorney represented to Ohr's attorney that Ohr had been timely and properly served in person with the motion for judgment and that either a proof of service or an affidavit of service had been filed with the circuit court.  However, no proof of service or affidavit of service was filed in the circuit court until August 25, 2004, in response to Ohr's motion to quash service of process, which he filed on August 6, 2004. At that time, Lyren filed an affidavit from a private process server stating that he had served Ohr personally at Ohr's home sometime before December 25, 2003 (he could not remember the exact date), and that he had filed the proof of service in the circuit court clerk's office during the first week of January 2004.  The circuit court denied Ohr's motion to quash service of process.

Ohr subsequently filed a motion to dismiss the case with prejudice under the provisions of Rule 3:3(c).  He asserted that a judgment could not be entered against him because he had been served with process more than one year

2

after commencement of the action.[2]  After hearing testimony from the private process server and Ohr, the circuit court found that service of process on Ohr occurred on January 7, 2004, more than one year after commencement of this action, and that Lyren presented no evidence that she had exercised due diligence in attempting to serve Ohr on or before December 27, 2003.  Thus, the circuit court granted Ohr's motion and dismissed the case with prejudice pursuant to the provisions of Rule 3:3(c).  Lyren appeals from the circuit court's judgment.

## ANALYSIS

The sole issue on appeal is whether the circuit court erred in granting Ohr's motion to dismiss under Rule 3:3(c).  In relevant part, subsection (c) of Rule 3:3 states:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

---

[2]  Pursuant to Code § 38.2-2206, Lyren served the motion for judgment on Assurance Company of America, and Assurance filed a "Response" on January 21, 2004.  In that response, Assurance questioned whether Ohr had been served with process within one year of the commencement of the action and asserted that a judgment therefore could not be entered against Ohr under the provisions of Rule 3:3(c).

Lyren argues that Ohr's filing a pleading to the merits constituted a general appearance and thus waived any defect in service of process. Citing the provisions of Code § 8.01-277, Lyren contends that, in order to challenge the defect in the service of process in this case, namely her failure to serve Ohr with process within one year of commencement of the action, Ohr would have been required to raise the issue in a motion filed prior to or simultaneously with his answer and grounds of defense.

Ohr counters that the circuit court properly dismissed this action with prejudice under Rule 3:3(c) because Ohr was served with process more than one year after commencement of the action. Continuing, Ohr argues that the fact he entered an appearance in the case by filing an answer and grounds of defense did not waive his right to rely on the provisions of Rule 3:3(c). According to Ohr, Code § 8.01-277 directs the manner and time for raising defects in the issuance, service, or return of process; whereas, Rule 3:3(c) provides the specific consequence for failing to serve process within one year of commencing an action. Thus, Ohr argues that the provisions of Code § 8.01-277 do not impact a defendant's right to assert the

4

bar against judgment provided in Rule 3:3(c) when service of process is accomplished more than one year after commencement of an action.

> An appearance for any other purpose than questioning the jurisdiction of the court—because there was no service of process, or the process was defective, or the service thereof was defective, or the action was commenced in the wrong county, or the like—is general and not special, although accompanied by the claim that the appearance is only special.

Norfolk & Ocean View Ry. Co. v. Consolidated Tpk. Co., 111 Va. 131, 136, 68 S.E. 346, 348 (1910); accord Gilpin v. Joyce, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999).  There is no question that Ohr entered a general appearance in this case when he filed an answer and grounds of defense. See Kiser v. Amalgamated Clothing Workers of Am., 169 Va. 574, 591, 194 S.E. 727, 734 (1938) (pleading the general issue constitutes a general appearance); Maryland Cas. Co. v. Clintwood Bank, Inc., 155 Va. 181, 186, 154 S.E. 492, 494 (1930) (any action by a defendant, except an objection to jurisdiction, recognizing a case as in court amounts to a general appearance).  A general appearance "'is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court.'"  Gilpin, 257 Va. at 581, 515 S.E.2d at 125 (quoting Nixon v. Rowland, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951)).

5

The question here is whether Ohr, having made a general appearance without challenging service of process made more than one year after commencement of the action in a motion filed either prior to or simultaneously with his pleading to the merits, can still invoke the bar against judgment under Rule 3:3(c).  To answer this question, we must address the interplay between Rule 3:3(c) and Code § 8.01-277.  That statute states:

> A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits.

Code § 8.01-277.

In Gilpin, we concluded that both Code § 8.01-277 and Rule 3:3(c), by their express terms, apply only when process has actually been served on a defendant. 257 Va. at 582, 515 S.E.2d at 126.  Such was not the situation in that case.  There, the defendant's general appearance was entirely voluntary because he had never been served with a notice of motion for judgment.  Id. at 581, 515 S.E.2d at 125.  Thus, we held Code § 8.01-277 did "not permit [the defendant] to simultaneously make a general appearance and assert the protection of the bar provided in Rule 3:3 because

6

he was not served with process." Id. at 582, 515 S.E.2d at 126.

Here, Ohr was served with process; therefore, his general appearance, unlike that of the defendant in Gilpin, was not voluntary. Instead he was "under a compulsion to make an appearance or suffer a default judgment." Id. That distinction, however, does not entitle Ohr to raise a defect in service of process after he entered his general appearance. Under the provisions of Code § 8.01-277, Ohr, having been served with process, was required to assert any defect in service of process by a motion "filed prior to or simultaneously with the filing of any pleading to the merits." Code § 8.01-277. Lyren's service of process upon Ohr more than one year after commencement of this action constituted a defect in service of process. Thus, when Ohr failed to take advantage of that defect in a motion filed prior to or simultaneously with his pleading to the merits, he waived all defects in the issuance, service, or return of process. See Moore v. Green, 90 Va. 181, 184, 17 S.E. 872, 873 (1893) ("[A] general appearance waives all question of the service of process.")

Although Ohr alludes to the representations of Lyren's attorney that proper service of process had been effected upon Ohr as his reason for pleading to the merits of the action, he nonetheless entered a general appearance without raising the defect in process by a motion filed at the same time. By doing so, he waived the protection of the bar against judgment set forth in Rule 3:3(c). His general appearance likewise waived any defects in service of process and conferred personal jurisdiction of his person upon the circuit court. See Nixon, 192 Va. at 50, 63 S.E.2d at 759.

## CONCLUSION

For these reasons, we conclude that the circuit court erred in granting Ohr's motion to dismiss under Rule 3:3(c). We will therefore reverse the judgment of the circuit court and remand this case for further proceedings.[3]

Reversed and remanded.

---

[3] There is no merit to Ohr's argument that Lyren's petition for appeal was not timely filed under Rule 5:17(a)(1). Pursuant to Rule 5:5, Lyren received an extension of time for filing her petition for appeal, and the record of this Court reflects that Lyren timely filed the petition for appeal by mailing in accordance with the provisions of Rule 5:5(b).

8