# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

April Jane Ertel-Batten

v.

Timothy Lewis Dewees Batten

July 1, 2008

Case No. 00-192

BY JUDGE EDWARD L. HOGSHIRE

This matter comes before the Court on motions filed by Timothy Batten in February and March of 2008, seeking to set aside the final decree of divorce granted in this case in 2001. For the reasons stated below, the Court denies Defendant's motions.

## Procedural History

April Ertel-Batten filed a bill of complaint for divorce on September 22, 2000, accompanied by a signed and notarized separation agreement and child custody agreement and a waiver of service which was signed by Defendant and notarized. A Final Decree of Divorce ("Decree") was entered on June 12, 2001. On June 6, 2005, an order was entered establishing a temporary injunction against Plaintiff's attempts to enforce the provisions of the separation agreement and divorce decree pending resolution of Defendant's motion to set aside the Decree, which was filed on June 1, 2005. Following an *ore tenus* hearing on August 21, 2007, the Court entered an order on March 3, 2008, denying Defendant's motion to set aside the final decree of divorce. Defendant filed a second motion to set aside the Decree on February 13, 2008, arguing that after-discovered evidence proved that Plaintiff committed fraud on the court when she claimed to be living in Charlottesville in 2000. Defendant also filed a supplemental motion on March 19, 2008, arguing that the waiver of service

which Defendant signed was improperly executed, depriving the Court of personal jurisdiction over Defendant because of the lack of service. The March 3, 2008, order was suspended pending resolution of these motions. Plaintiff responded with a plea of res judicata, filed on May 22, 2008.

*Statement of Facts*

Plaintiff's bill of complaint for divorce, drafted *pro se*, states that the parties were continuously separated beginning December 30, 1998, and that venue in Charlottesville was proper because Plaintiff was residing in Charlottesville at that time, despite the fact that the parties last cohabited in Hanover County. Bill of Complaint for Divorce, ¶¶ 1, 8, 9. A Final Decree of Divorce was entered in the Charlottesville Circuit Court on June 12, 2001. In 2005, Defendant filed a motion to set aside the Decree, alleging that he had not signed the waiver of service and that the parties had not separated until July 3, 2000, and therefore this Court did not have jurisdiction to enter the Decree. Defendant's Motion to Set Aside Final Decree of Divorce, June 1, 2005, ¶¶ 10, 12, 13, 14, 17, 18.

An *ore tenus* hearing was held on this motion on August 21, 2007. Following this hearing, the Court issued an order on March 3, 2008, denying Defendant's motion to set aside the Decree. While awaiting the Court's order, Defendant filed another motion seeking to set aside the final divorce decree based on newly-obtained evidence that Plaintiff lied about the date of separation in her bill of complaint. Defendant's Motion, February 13, 2008, ¶¶ 7, 8. This evidence takes the form of communications with the management company from whom the parties rented the apartment in which they last cohabited, in which Plaintiff states that she left the apartment on September 20, 2000. Defendant's Motion, February 13, 2008, Ex. F, G. The Court granted Defendant's motion to suspend the Court's March 3, 2008, order pending resolution of the issues raised in Defendant's February motion. Defendant later filed a supplemental motion on March 19, 2008, arguing that his waiver of service, which the Court previously held that he signed, contrary to his claims, was not valid because it was executed before he became a party to the action, and therefore the Court lacked personal jurisdiction. Defendant's Supplemental Motion, March 19, 2008, ¶ 2, 3, 4.

Although Defendant is correct that the waiver of service was ineffective because he signed it before the suit was filed, Va. Code Ann. § 20-99.1:1, Defendant has since waived any objection to personal jurisdiction by making a general appearance in this action beginning with his June 2005 motion. *Nixon v. Rowland*, 192 Va. 47, 50 (1951).

*Issue Presented*

Because the relief sought by Defendant would be re-opening the matter for a new determination of the facts underlying the Court's order of March 3, 2008, Defendant's February motion should properly be considered a motion for a new trial based on newly-discovered evidence; therefore, the issue presented is whether the arguments and exhibits produced by Defendant are sufficient to grant a new trial.

Because Plaintiff filed a Plea of Res Judicata, both parties have briefed the issue of res judicata as it pertains to this case. However, because only one cause of action is involved, res judicata theories are inapposite, as res judicata applies only when a party seeks to litigate an issue that has already been decided by a final judgment in a previous action. *See Davis v. Marshall Homes, Inc.*, 265 Va. 159 (2003); *City of Virginia Beach v. Harris*, 259 Va. 220 (2000).

*Analysis*

Although Defendant's February 13, 2008, motion is not explicitly a motion for a new trial, a grant of that motion would require a new trial in order to determine whether the facts that form the basis of the Decree are accurate, and whether a different outcome is appropriate based on any new evidence presented. Since the central assertion of Defendant's motion is that his new evidence from the property management company allows him to prove one of the claims first made in his 2005 motion, that Plaintiff lied in her initial filings with this Court in 2000-01, the February 13, 2008, motion should be analyzed as a motion for a new trial based on newly-discovered evidence.

A motion for a new trial based on newly-discovered evidence is granted with "great reluctance and with special care and caution." *Reiber v. James M. Duncan, Jr., & Assoc.*, 206 Va. 657, 663 (1965). In order for new evidence to justify a grant of a new trial, the evidence must (1) appear to have been discovered since the trial, (2) be such that in the exercise of reasonable diligence on the part of the applicant it could not have been discovered earlier, (3) not be merely cumulative, corroborative, or collateral, and (4) must be such that it ought to produce an opposite result at a new trial. *Id.* at 663.

Because all four of these factors must be satisfied in order for a new trial to be appropriate, the absence of one of the factors will be dispositive. In this case, Defendant has not presented any explanation as to why the communications with the management company could not have been obtained

when he filed his motion in 2005 to set aside the Decree. Because Defendant alleges that he signed the Occupant Change Addendum to the Lease Agreement on October 5, 2000, he cannot credibly claim that he was not aware of the existence and content of these documents until 2008. Defendant's Motion, February 13, 2008, ¶ 7b, Ex. G. Thus, Defendant cannot carry his burden of demonstrating that the new evidence alleged in his February motion could not, with the exercise of reasonable diligence, have been discovered prior to filing his 2005 motion.

For the reasons set forth above, Defendant's February 2008 motion is denied, and the Order of March 17, 2008, suspending the Court's Order of March 3, 2008, is dissolved. The March 3, 2008, Order is thus reinstated.