UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Athey and Lorish

DMITRY SHVETS

MEMORANDUM OPINION[*]

v.        Record No. 0336-21-1                                        PER CURIAM
                                                                    NOVEMBER 30, 2021

MICHELE N. SHVETS

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Matthew A. Glassman, Judge

(Dmitry Shvets, on briefs), *pro se.*

(F. Nash Bilisoly; W. Thomas Chappell; C. Eric Plumlee;
Matthew C. Wooten; Vandeventer Black LLP; Plumlee, Wooten &
Overton, P.C., on brief), for appellee.


Dmitry Shvets (husband), *pro se*, appeals a consent support order and an attorney's fees

order. Husband argues that the circuit court erred in "assuming it had personal jurisdiction" over

him and "signing an order outside its jurisdiction." He further contends that the circuit court erred

by "not addressing the competing orders for spousal support between Pennsylvania and Virginia."

Husband also asserts that the circuit court erred in denying his motion for continuance and "not

addressing the fraud committed by the two lawyers . . . when they knew [husband] was on

deployment . . . ."[1] Husband contends that the circuit court erred by "signing an order . . . that was

not agreed to by both parties" and then denying his motion for rehearing. Lastly, husband contends

that the circuit court erred by "granting summary judgment for attorney fees without a hearing."

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband is an officer in the military.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

"We view the facts in the light most favorable to the prevailing party below, granting to it the benefit of any reasonable inferences; we review issues of law *de novo*." Wyatt v. Wyatt, 70 Va. App. 716, 718 (2019).

Husband and Michele Shvets (wife) were married on September 29, 2009 and had four children together. On November 29, 2018, after the parties separated, wife petitioned for spousal support and child support in the City of Suffolk Juvenile and Domestic Relations District Court (the JDR court). On January 28, 2019, the JDR court entered a temporary support order. On September 25, 2019, the parties appeared before the JDR court again, and the JDR court entered a final support order, directing husband to pay $1,552 per month for child support and $2,448 per month for spousal support. Husband appealed the JDR court's order to the circuit court.

After numerous continuances, husband retained new counsel, who moved to vacate the spousal support order.[2] Husband explained that on September 28, 2018, he had filed for divorce in Pennsylvania. On October 24, 2019, the Court of Common Pleas of Philadelphia County Pennsylvania Family Court Division entered an order approving the grounds for divorce. Specifically, the Pennsylvania court ordered that "a Decree in Divorce shall hereafter be entered following resolution by the Permanent Master of all claims of record relating to equitable distribution of marital property, alimony, and counsel fees, costs and expenses and related claims under Divorce Code of 1980, as amended." Husband argued that because of the pending divorce in

---

[2] Husband subsequently filed an amended motion to vacate, which modified information regarding wife's petition for support; however, husband's arguments remained the same.

Pennsylvania, the JDR court lacked "proper jurisdiction" to award spousal support. Husband subsequently filed a brief in support of his motion to vacate.

Wife filed a brief in opposition to husband's motion. She also moved to dismiss husband's motion to vacate and requested an award of attorney's fees.

The parties appeared before the circuit court on January 26, 2021. At the beginning of the hearing, husband moved to vacate and argued that Virginia did not have jurisdiction over wife's spousal support request because of the pending divorce in Pennsylvania. He also alleged that wife had not been a resident and domiciliary of Virginia for six months before she filed her petition for support. He further asserted that in its order approving the grounds for divorce, Pennsylvania had retained jurisdiction over the issue of alimony.

In response, wife argued that she was not required to live in Virginia for six months before she filed for support. She further stressed that in his complaint for divorce, husband had not indicated that support or alimony was at issue in the divorce. In August 2019, wife filed an answer to the divorce and requested alimony. Wife explained that in Pennsylvania, "[s]upport is a matter of pre-divorce; alimony is an issue to be taken up after the divorce." At the time of the JDR court hearings, Pennsylvania had not entered any orders regarding spousal support or alimony, so there was no competing order. Lastly, wife emphasized that husband had made a general appearance on "numerous occasions" in Virginia and had not challenged Virginia's jurisdiction previously. Wife argued that Virginia had subject matter jurisdiction and personal jurisdiction. Finally, wife requested an award of her attorney's fees.

After reviewing the parties' briefs and hearing their arguments, the circuit court held that it had jurisdiction over husband and subject matter jurisdiction over temporary spousal support. After discussing the role of the statutory guidelines with counsel, the circuit court further held that it

- 3 -

would follow the statutory guidelines for temporary support unless a deviation was appropriate. Counsel requested a recess.

After the brief recess, wife reported that she sought the entry of a temporary support order. Wife's counsel explained that the parties had agreed on the amount of husband's gross income. When she applied his income to the statutory guidelines, wife calculated the total support to be $4,500 per month, which included approximately $1,500 per month in child support. She asked that the temporary support order be retroactive. Wife also requested an award of $7,245 in attorney's fees. Husband then requested a recess.

Upon their return, wife's counsel announced that the parties had reached an agreement concerning both child and spousal support, and they wanted to "memorialize it on the record." The parties agreed to enter a final spousal support order that would be effective for three years, beginning February 1, 2021. Husband agreed to pay wife $2,500 per month for spousal support and $1,500 per month for child support, for a total of $4,000 per month; the Division of Child Support Enforcement would calculate any arrearage, which husband would pay in full within thirty days of the entry of the Pennsylvania divorce decree; and wife would not seek alimony during the Pennsylvania divorce matter. Husband's counsel confirmed that the agreement included the termination of husband's spousal support obligation after three years and that "all support moving forward would be waived in Pennsylvania, subject to this agreement." Husband's counsel further explained that "Pennsylvania is going to take care of all of the property issues, and this is going to be a fixed-duration spousal support order that will be entered and enforced through the Virginia court." Wife's counsel requested that the parties acknowledge their agreement on the record. The court swore in both parties. Wife confirmed that she agreed to the terms that were "articulated on the record." Husband also acknowledged that he had "heard the representations" made by wife's counsel and his counsel. He confirmed that he was "in agreement to those terms to be [sic] reduced

to an order to resolve these issues." Wife's counsel then announced that he would "draft and submit" an order. The circuit court stated that it "anticipate[d] enter[ing] the order upon receipt" and adjourned the hearing.

Approximately one month later, on February 25, 2021, husband's counsel moved to withdraw from the representation for "ethical reasons." Counsel asked the circuit court to hear his motion at the next hearing scheduled for March 5, 2021, when opposing counsel would be presenting the consent support order.

The next day, husband filed a *pro se* motion for a continuance, asking the circuit court to reschedule the March 5, 2021 hearing. Husband claimed that he had not agreed to the March 5, 2021 hearing date and would be deployed on that date. He requested a date that would allow him "two hours to plead [his] case plus however long opposing council [sic] requires." He further requested that the circuit court order "no payment of attorney fees in this matter because they are excessive due to the opposing attorney's own misconduct." Husband did not specifically object to the consent order or any terms of the agreement.

Counsel appeared before the circuit court on March 5, 2021.[3] The circuit court entered the consent order, endorsed by husband's counsel as "Seen and Agreed." The consent order established that the parties agreed that the circuit court had jurisdiction to enter a "final spousal support/separate maintenance order" and a child support order, as well as having personal jurisdiction over husband and wife. The consent order confirmed the parties' agreement that husband would pay $2,500 per month as spousal support and $1,500 per month as child support, effective February 1, 2021. In addition, the consent order provided that husband's spousal support obligation would terminate after three years, or upon the death of either party, wife's remarriage, or wife's cohabitation with another

---

[3] The record does not include a transcript or written statement of facts in lieu of a transcript for the March 5, 2021 hearing. See Rule 5A:8.

person in a relationship analogous to marriage for twelve months. The consent order further stated that wife waived her claim to alimony through the Pennsylvania divorce proceedings, "but such waiver shall be null and void should [husband] challenge the Suffolk Circuit Court's subject matter or personal jurisdiction in this matter."

In a separate order, also entered on March 5, 2021, the circuit court awarded wife $1,818 for her attorney's fees and directed husband to pay wife's counsel within ninety days of the order. Husband's counsel endorsed the attorney's fees order as "Seen & Objected." The circuit court did not enter an order permitting husband's counsel to withdraw.

Following the entry of the two orders, husband filed numerous *pro se* pleadings in the circuit court stating his objections to the orders. The circuit court did not rule on any of husband's *pro se* pleadings. Husband then filed a *pro se* notice of appeal of the "order" entered on March 5, 2021.[4]

ANALYSIS

I. Jurisdiction

Husband challenges the circuit court's personal jurisdiction over him and its subject matter jurisdiction. Husband's "jurisdictional challenge raises a question of law that 'we review *de novo*.'" Riddick v. Commonwealth, 72 Va. App. 132, 139 (2020) (quoting Richardson v. Commonwealth, 67 Va. App. 436, 442 (2017)); see also Knight v. Ottrix, 69 Va. App. 519, 523-24 (2018).

A. Personal jurisdiction

Husband argues that the circuit court erred in "assuming it had personal jurisdiction" over husband. We disagree. "A general appearance 'is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court.'" Lyren v. Ohr, 271 Va. 155, 159 (2006) (quoting Gilpin v. Joyce, 257 Va. 579, 581 (1999)); see also McCulley v. Brooks & Co.

---

[4] Husband's notice of appeal does not specify whether he is appealing the consent support order or the attorney's fees order. For purposes of this appeal, the Court presumes that husband appealed both orders.

Gen. Contractors, Inc., 295 Va. 583, 589-90 (2018) ("[A] party making a general appearance *prior* to the entry of a final judgment waives any objection to the service of process by voluntarily submitting to the court's jurisdiction over him." (emphasis in original)).

Without challenging personal jurisdiction, husband appeared in the JDR court for the support hearings, noted his appeal of the JDR support order, and filed a motion to vacate in the circuit court. By invoking the circuit court's jurisdiction himself, husband made a general appearance in the case and waived any objections to the circuit court's jurisdiction over him.

B. Subject matter jurisdiction

Husband also contends that the circuit court erred by "not addressing competing orders for spousal support between Pennsylvania and Virginia" and entering an order "outside its [j]urisdiction."

Subject matter jurisdiction "refers to a court's power to adjudicate a class of cases or controversies[.]" Riddick, 72 Va. App. at 141 (quoting Cilwa v. Commonwealth, 298 Va. 259, 266 (2019)). "The subject matter jurisdiction of circuit courts is 'entirely prescribed by statute.'" Id. at 143 (quoting Kelley v. Stamos, 285 Va. 68, 75 (2013)).

Code § 16.1-241(L) grants the JDR courts in Virginia the power to award temporary spousal support. In addition, Virginia has adopted the Uniform Interstate Family Support Act (UIFSA) and "codified it, with minor amendments at Code §§ 20-88.32 through -88.82." O'Neil v. O'Neil, 60 Va. App. 156, 159 (2012) (quoting Nordstrom v. Nordstrom, 50 Va. App. 257, 262 (2007)). UIFSA prohibits states from conducting simultaneous support proceedings and entering competing orders. See Code § 20-88.38. The record establishes that when wife filed her petition for support, the parties were separated, and husband had initiated the divorce matter in Pennsylvania. Neither party, however, had requested that Pennsylvania award wife support before the entry of the divorce decree. The JDR court entered its support orders before Pennsylvania entered its order approving

- 7 -

the grounds for divorce and retaining jurisdiction over numerous outstanding issues, including alimony. Both parties conceded that alimony under Pennsylvania law referred to spousal support payments made *after* the Pennsylvania court finalized the divorce, not during the proceedings. Therefore, contrary to husband's arguments, there were not competing spousal support orders in Pennsylvania and Virginia, and the circuit court had jurisdiction to enter a support order.

Husband also claims that wife did not meet the "6-month residency requirement" before she filed her petition for support. We cannot consider this argument because husband cites no legal authority in support of it to us, as required by the Rules of the Supreme Court. See Rule 5A:20(e) (requiring that an opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error").

## II. Continuance

Husband argues that the circuit court erred in denying his continuance request and "not addressing the fraud committed by the two lawyers . . . when they knew [husband] was on deployment and did not communicate to the court ahead of time of the conflict, in fact ignoring the conflict to perpetrate the fraud on the court."

Approximately one month after the January hearing, husband's counsel and wife's counsel noticed a hearing for March 5, 2021, to present the consent order for entry and to be heard on husband's counsel's motion to withdraw. Husband, acting *pro se*, moved to continue the March 5, 2021 hearing because he would be deployed at the time of the hearing. Husband requested that the circuit court "reschedule [the hearing] for a date that is agreeable to both parties."

"The decision of whether to grant a continuance is committed to the discretion of the circuit court." Shah v. Shah, 70 Va. App. 588, 593 (2019). "[I]n the absence of the entry of a continuance order prior to the scheduled trial date, attorneys [and parties] should not presume that a continuance will be granted." Singleton v. Commonwealth, 278 Va. 542, 552 (2009).

- 8 -

"We will reverse 'a circuit court's ruling on a motion for a continuance . . . only upon a showing of abuse of discretion and resulting prejudice to the movant.'" Shah, 70 Va. App. at 593 (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34 (2007)).

The record does not include a transcript or written statement of facts in lieu of a transcript of the March 5, 2021 hearing. See Rule 5A:8. The record reflects that at the March 5, 2021 hearing, the circuit court entered the consent order, which memorialized the parties' agreement from the January 26, 2021 hearing.

Husband contends that the circuit court should have continued the case under the Servicemembers Civil Relief Act and relies on 50 U.S.C.A. § 3931 to support his arguments. That statute applies to "any civil action or proceeding, . . . in which the defendant does not make an appearance." 50 U.S.C.A. § 3931(a). As noted above, husband had appeared generally in the support matter, and he had counsel representing him. Husband's counsel was present at the March 5, 2021 hearing. Although husband's counsel had moved to withdraw, husband "could not merely announce that [he] was no longer represented by [his] counsel of record." Francis v. Francis, 30 Va. App. 584, 591 (1999). Counsel continued to represent husband until the circuit court entered an order permitting him to withdraw. See Rule 1:5. Considering the limited record before us of the March 5, 2021 hearing, we find that husband has failed to prove that the circuit court abused its discretion by denying the continuance and that he was prejudiced.

This Court is unable to review the remainder of husband's arguments concerning the hearing without a transcript or written statement of facts in lieu of a transcript. "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." Dixon v. Dixon, 71 Va. App. 709, 716 (2020) (quoting Robinson v. Robinson, 50 Va. App. 189, 197 (2007) (second

alteration in original)); see also Rule 5A:8(b)(4)(ii). "Even *pro se* litigants must comply with the rules of court." Francis, 30 Va. App. at 591.

### III. Consent order

Husband argues that the circuit court erred in entering the consent order because both parties did not agree to its entry. Husband contends that his attorney "committed an ethical violation" and that both attorneys knew that husband did not agree to the terms of the consent order. Husband, however, fails to cite legal authority to support his argument that the circuit court erred in entering the consent order. Rule 5A:20(e).

"If the terms of [a marital] agreement are . . . recorded and transcribed by a court reporter and affirmed by the parties on the record personally, the agreement is not required to be in writing and is considered to be executed." Code § 20-155. At the January 26, 2021 hearing, a court reporter transcribed the terms of the parties' agreement regarding the amount and duration of support. Both parties acknowledged their agreement under oath before the circuit court. Thus, husband's agreement was not conditioned upon it being in writing; he already had agreed to the terms of the consent order. See Bryant v. McDougal, 49 Va. App. 78, 85 (2006) (husband's "assent to the terms read into the record was 'subject to' their inclusion in a formal property settlement agreement"). "If, as here, the parties are fully agreed upon the terms of the settlement and intend to be bound thereby, 'the mere fact that a later formal writing is contemplated will not vitiate the agreement.'" Snyder-Falkinham v. Stockburger, 249 Va. 376, 385 (1995) (quoting N. Am. Mgrs., Inc. v. Reinach, 177 Va. 116, 121 (1941)). "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, [his] second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." Id.

Husband and wife had acknowledged their agreement on the record at the January 26, 2021 hearing. The parties' agreement was memorialized in a consent order, which husband's counsel

endorsed as "Seen and Agreed." On appeal, husband argues that the circuit court erred by entering the consent order because it was "not agreed to by both parties." "Husband will not be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with his [sworn] representations." Asgari v. Asgari, 33 Va. App. 393, 403 (2000); see also Cody v. Commonwealth, 68 Va. App. 638, 665 (2018) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181 (2006))).

IV. Motion for rehearing

Husband argues that the circuit court erred by "denying" his motion for a rehearing, which he filed within twenty-one days of the entry of the consent order; but he acknowledges that the circuit court actually "did not answer his motion." Accordingly, "[b]ecause the record does not show that the trial court ruled on appellant's argument, there is no ruling of the trial court for this Court to review on appeal." Duva v. Duva, 55 Va. App. 286, 299 (2009).

Moreover, assuming without deciding that the circuit court's silence was an implicit denial of husband's motion, we find that the circuit court did not abuse its discretion. "Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the trial court." Thomas v. Commonwealth, 62 Va. App. 104, 109 (2013); see also Shooltz v. Shooltz, 27 Va. App. 264, 269 (1998).

> A litigant's "right to relief on such rehearing depends upon his ability to point out some error on the face of the record, or to show some legal excuse for his failure to present his full defense at or before the time of entry of the decree which he seeks to have modified."

Thomas, 62 Va. App. at 109 (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9 (1927)).

Here, husband filed a motion requesting "a decision from [the circuit court] on the matter of improper spousal/child support decision made at the lower court." Husband further claimed

that he "gave no authority for anyone to speak for [him] as [his] previous council [sic] was fired on 12FEB2021 and should have informed the court of such fact." As discussed above, the circuit court had not entered an order allowing husband's counsel to withdraw; therefore, he remained counsel of record. Rule 1:5. Furthermore, all support matters were resolved at the January 26, 2021 hearing after the parties reached an agreement. Code § 20-155. Husband cannot approbate and reprobate. Asgari, 33 Va. App. at 403. Accordingly, the circuit court did not err.

## V. Attorney's fees

### A. Trial court

Husband argues that his due process rights were violated after the circuit court awarded attorney's fees to wife "without a hearing." "All the authorities agree that 'due process of law' requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before any binding decree can be passed affecting his right to liberty or property." Tidwell v. Late, 67 Va. App. 668, 687 (2017) (quoting Menninger v. Menninger, 64 Va. App. 616, 621 (2015)).

The circuit court entered the attorney's fees order at the March 5, 2021 hearing. Wife previously had requested an award of attorney's fees, and husband had actual notice of the hearing date. In his *pro se* motion for a continuance, husband requested that the circuit court not award attorney's fees and costs, but he did not present any information or evidence for the circuit court's consideration, other than his claim of "the opposing attorney's own misconduct," with no further explanation. The record demonstrates that husband's counsel was present at the hearing; thus, husband had an opportunity to be heard on the issue of attorney's fees. Moreover, his counsel of record endorsed the attorney's fee order as "Seen & Objected."

As discussed above, the record does not include a transcript or written statement of facts in lieu of a transcript for the March 5, 2021 hearing, so this Court is unable to review the evidence and

- 12 -

arguments presented at the hearing.  See Dixon, 71 Va. App. at 716 (appellant has the burden to provide the Court with a sufficient record to review his arguments).  Nevertheless, the record demonstrates that husband had notice of wife's request for fees and the scheduled hearing date.  Through his counsel, husband had the opportunity to present arguments and evidence to the circuit court.  Based upon the limited record before us, we find that husband's due process rights were not violated.

### B.  Appellate court

Wife asks this Court to award her attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996).  "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary."  Koons v. Crane, 72 Va. App. 720, 742 (2021) (quoting Friedman v. Smith, 68 Va. App. 529, 545 (2018)).  On consideration of the record before us, we deny wife's request for an award of attorney's fees and costs incurred on appeal.

### CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.[5]  Rule 5A:27.

Affirmed.

---

[5] Considering our holding to summarily affirm the circuit court's ruling, we do not address wife's arguments to dismiss the appeal.