Present:  All the Justices

KIMBERLEY M. GILPIN
                                        OPINION BY
v.  Record No. 981801        JUSTICE LAWRENCE L. KOONTZ, JR.
                                       April 16, 1999
KEVIN CHARLES JOYCE


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                      James W. Haley, Jr., Judge


     The dispositive issue in this appeal is whether a defendant

who makes a general appearance without having been served with

process is entitled to assert the bar against judgment provided

by our Rule 3:3.

     The parties have stipulated to the facts and proceedings in

the trial court.  On June 20, 1996, Kimberley M. Gilpin filed a

motion for judgment seeking damages from Leslie Mae Dailey and

Kevin Charles Joyce for injuries Gilpin alleged she had received

in an automobile accident on June 23, 1994.  Gilpin did not

request service of process on either defendant.

     On October 30, 1997, Joyce, by counsel, filed a "motion to

dismiss" citing that part of Rule 3:3 which provides:

          No judgment shall be entered against a defendant
     who was served with process more than one year after
     the commencement of the action against him unless the
     court finds as a fact that the plaintiff exercised due
     diligence to have timely service on him.[1]

_____


     [1]A similar provision appears in Rule 2:4 applicable to
pleadings in chancery suits.

Joyce also filed grounds of defense, a counterclaim arising out of the same automobile accident, a certificate of service of interrogatories, and a motion to produce. Joyce had never been served with a notice of motion for judgment.

On December 1, 1997, the trial court granted Gilpin's motion for a nonsuit of her claims against Dailey.[2] On that same day, the trial court heard oral argument on Joyce's motion to dismiss. At that hearing, it was stipulated that Gilpin had not exercised due diligence in order to obtain service of process on Joyce. Thereafter, in accord with a request from the trial court, the parties filed briefs stating their respective positions on the issue of dismissal of Gilpin's action.

On May 29, 1998, the trial court entered an order sustaining Joyce's motion and dismissing Gilpin's motion for judgment with prejudice. We awarded Gilpin this appeal.

"An appearance for any other purpose than questioning the jurisdiction of the court—because there was no service of process, or the process was defective, or the action was commenced in the wrong county, or the like—is general and not special, although accompanied by the claim that the appearance is only special." Norfolk and Ocean View Railway Co. v.

_____

[2]On brief, Gilpin correctly states that she was prohibited from taking a nonsuit of her claims against Joyce because of his counterclaim against her. See Code § 8.01-380(C).

Consolidated Turnpike Co., 111 Va. 131, 136, 68 S.E. 346, 348 (1910)(emphasis added).  Joyce did not make a special appearance.  Rather, by filing a grounds of defense and a counterclaim, Joyce made a general appearance in the trial court proceedings.  Indeed, on brief, Joyce concedes this is so.  A general appearance "is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court."  Nixon v. Rowland, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951).

In 1977, the General Assembly enacted Code § 8.01-277, which provides in pertinent part that:

> A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits.

(Emphasis added.)

Under familiar principles, because this statute is in derogation of the common law, we will strictly construe it.  By its express terms, this statute applies only where process has actually been served on the defendant.  Thus, this statute does not permit Joyce to simultaneously make a general appearance and assert the protection of the bar provided in Rule 3:3 because he was not served with process.  Joyce's general appearance was entirely voluntary.

We reach the same conclusion with regard to Rule 3:3 under the circumstances of this case.  By its express terms, this rule applies only where there has been service of process.  As we have noted, Joyce made a voluntary general appearance without having been served with process.

Joyce contends, however, that his general appearance more than one year after the commencement of an action should be equivalent to a service of process more than one year after the commencement of an action.  Thus, he asserts that he is entitled to the protection of Rule 3:3.  The bedrock of Joyce's position is that, because the trial court had not obtained personal jurisdiction over him within one year following commencement of Gilpin's action, Rule 3:3 serves as an absolute bar to any judgment being entered against him.  We disagree.

It is true that a voluntary general appearance subjects a defendant to the jurisdiction of the trial court and, thus, may be considered "equivalent to personal service of process." Nixon, supra.  However, unlike a defendant who makes a voluntary appearance, a defendant actually served with process is under a compulsion to make an appearance or suffer a default judgment.  Thus, in Gilbreath v. Brewster, 250 Va. 436, 463 S.E.2d 836 (1995), we held that the defendants, who were actually served with process more than one year after commencement of the action against them, were entitled to dismissal of the claim against

4

them with prejudice under Rule 3:3 while still maintaining a counterclaim and a third-party claim.  Id. at 441-42, 463 S.E.2d at 838.

The distinction between the facts in Gilbreath and those in the present case is that in the former case service of process was actually secured on the defendants and, thus, their appearance was necessary to avoid default.  Here, Joyce was under no such compulsion.  We believe that this is the very distinction the legislature intended to create when it enacted Code § 8.01-277 permitting only a defendant who has been actually served with process to raise specific jurisdictional challenges prior to or simultaneously with the filing of any pleading to the merits.  This same distinction is consistent with the express terms of Rule 3:3 and our holding in this appeal.[3]

---

[3]We recognize that in Dennis v. Jones, 240 Va. 12, 393 S.E.2d 390 (1990), we held that where substituted service of process through the Department of Motor Vehicles was ineffective and, thus, personal jurisdiction was not obtained over the defendant, the resulting default judgment would be set aside and the motion for judgment would "be dismissed under Rule 3:3 because it had been pending since 1987 and defendant has not been served with valid process."  Id. at 20, 393 S.E.2d at 395 (emphasis added).  Unlike the present case, in Dennis the plaintiff made an actual attempt to serve process, and the defendant was subsequently required to appear in order to contest the resulting default judgment against her.  Here, however, Joyce's appearance was entirely voluntary.

For these reasons, the judgment of the trial court will be reversed, Gilpin's motion for judgment will be reinstated, and the matter will be remanded for a trial on the merits of the motion for judgment and on Joyce's counterclaim.

Reversed and remanded.