# CIRCUIT COURT OF LOUDOUN COUNTY

Ingrid W. Doles

v.

Anthony Doles

March 10, 2000

Case No. (Chancery) 17462

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Motion Challenging (*In Personam*) Jurisdiction Over Defendant filed by the Defendant, Anthony Doles (the "Husband"). After consideration of the pleadings and other papers filed herein and the argument of counsel on March 3, 2000, the Motion is denied.

*Facts*

The Complainant, Ingrid W. Doles (the "Wife"), filed a Bill of Complaint for divorce in this Court on January 28, 1997. In her Bill of Complaint, she prays for a divorce on fault grounds, custody of the parties' minor child, spousal and child support, exclusive use of the marital home, attorney's fees, and equitable distribution relief. The Bill of Complaint, in pertinent part, alleges the following.

The parties were married on June 21, 1987, in Las Vegas, Nevada. The Wife has been a *bona fide* domiciliary and resident of Loudoun County for at least six months preceding the filing of this suit. The Husband is currently a resident of Florida; however, he was a resident of Virginia and resided in Sterling, Virginia (the Court takes judicial notice that Sterling is in Loudoun County). There is one child of the marriage born on December 10, 1987. The parties separated on or about October 1992.

There is no allegation in the Bill of Complaint that the parties maintained a matrimonial domicile in the Commonwealth of Virginia at the time of separation.

On May 16, 1997, the Husband was served personally in Pinellas County, Florida, with the Subpoena in Chancery and a copy of the Bill of Complaint.

On September 19, 1997, the Husband by counsel filed the subject Motion. Neither party took any action in this cause until October 1999 when the Husband propounded Request for Admissions to the Wife. The Wife responded thereto in November 1999.

In February 2000, the Husband filed a praecipe for argument on the subject Motion for March 3, 2000.

At argument on March 3, 2000, the originals of the Husband's Request for Admissions and the Wife's Responses were filed with the Court.

## Legal Conclusions

The Bill of Complaint contains no allegations so as to make the domestic relations portions of the Long Arm Statute applicable to this cause. *See* Va. Code § 8.01-328.1(A)(8) and (9). Therefore, under Va. Code § 8.01-320(A) service of process on the nonresident Husband outside the Commonwealth has the same effect as an order of publication duly executed. Accordingly, under generally accepted principles, this Court acquired only *in rem* jurisdiction, and, therefore, this Court has jurisdiction only to grant a divorce to the Wife as a result of the out-of-state personal service on the Husband.

Although this Court did not acquire *in personam* jurisdiction over the nonresident Husband as a result of the out-of-state service on him, it could acquire such jurisdiction if he makes a general appearance in the cause. At the time the Motion was filed, it is clear that the Husband was appearing specially to challenge *in personam* jurisdiction.

But, instead of asking the Court to rule on the Motion, the Husband waited over two years and then propounded discovery to the Wife. In doing so, the Husband made a general appearance. An appearance for any purpose other than questioning the jurisdiction of the Court is a general appearance. *Gilpin v. Joyce*, 257 Va. 579, 580 (1999); *Norfolk and Ocean View Ry. v. Consolidated Turnpike Co.*, 111 Va. 131, 136 (1910). Professor Bryson in his book, *Bryson on Virginia Civil Procedure* (3d ed.), states on page 141:

A general appearance can be made by a party in person or by attorney. It is made by taking any step that implies submission to the jurisdiction of the court. Since public policy favors the settlement of

disputes by litigation rather than by self help force, the courts are quick to find appearances.

When the Husband invoked the discovery process he submitted to the jurisdiction of this Court. His discovery requests were not objections to jurisdiction. He attempted to utilize a process available to a litigant in this Court in order to gain an advantage. The Wife would have had no duty to respond to discovery requests from the Husband unless the requests pertain to litigation in this Court to which both the Husband and the Wife are parties. The Husband utilized a process available to him only because he is a party to this litigation and in order to secure discovery responses from the Wife that would be helpful to him in this litigation. I think it makes no difference that the discovery requested by the Husband concerned only jurisdiction over him in this cause. His utilization of the discovery process constitutes the general appearance.

## *Decree*

Let Mr. Frank prepare a decree denying the Motion to which Mr. Knight may note his exceptions.

The order allowing Mr. Knight leave to withdraw as counsel for the Husband will not be entered until the decree denying the Motion has been entered.