## CIRCUIT COURT OF FRANKLIN COUNTY

Joy E. Martin

    v.

Bobby C. Taylor,
Town and Country Realty
of Franklin County, Inc.,
and Gaye Clingenpeel

May 30, 2001

BY JUDGE WILLIAM N. ALEXANDER, II

    This matter is before the court on Town and Country Realty and Gaye Clingenpeel's Plea in Bar and Motion for Summary Judgment. This case involves the sale of a house and lot and alleged deficiencies in construction. Plaintiff filed her original three-count motion for judgment on September 26, 1997. Summary Judgment was granted as to all causes of action pleaded by Martin in her original motion for judgment except her cause of action alleging constructive fraud involving a leaky basement. The order granting summary judgment was entered on August 29, 2000. Shortly before trial, Martin moved for a nonsuit. The order of nonsuit was entered on August 30, 2000. Following the nonsuit order, no appeal was taken by Martin. On February 28, 2001, Martin filed an almost identical motion for judgment alleging the same causes of actions in the same three counts. No service was requested on the motion for judgment, and it was not served on defendants. On March 12, 2001, Defendants filed a Plea in Bar and a Motion to Show Cause and Motion for Sanctions. Requests for Admissions were propounded to Martin on March 13, 2001, to which Martin did not respond. A hearing was held on the motions on May 9, 2001. At the conclusion of the hearing, Defendants were given seven days to file a Motion for Summary Judgment and supporting memorandum. Martin was given seven days thereafter to respond. Defendants' Motion for Summary Judgment and memorandum were filed on May 9, 2001.

Martin has filed no response. As of this date, there has been no response to the Requests for Admissions.

The first issue before the court is the jurisdiction of the court. Since defendants have not been served with process, does the court have jurisdiction to hear the motions filed? The answer to this is in the affirmative. Defendants have filed two motions, a Plea in Bar and a Motion to Show Cause and Motion for Sanctions. "An appearance for any other purpose than questioning the jurisdiction of the court because there was no service of process, or the process was defective, or the action was commenced in the wrong county, or the like is general and not special. . . ." *Gilpin v. Joyce*, 257 Va. 579, 581 (1999). "A general appearance is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court." *Ibid.* citing *Nixon v. Rowland*, 192 Va. 47, 50 (1951). This court has jurisdiction by virtue of the Defendants' general appearance.

The second issue is whether Martin can revive in a second action those causes of action that were disposed of by summary judgment in this Court's order of August 29th. This question is settled by *Dalloul v. Agbey*, 255 Va. 511 (1998), wherein the Court held that " 'the action' subject to a Plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case." When this court entered the order of nonsuit on August 30, 2000, the original case was concluded as to all claims and parties. Martin was entitled to appeal at that time and she did not. Accordingly, the Plea in Bar is granted as to those causes of action disposed of by summary judgment by order of this court entered on August 29, 2000. The only cause of action remaining is Martin's cause of action alleging fraud regarding a leaky basement.

The third issue is whether the Defendants are entitled to summary judgment on Martin's remaining cause of action for constructive fraud. Rule 4:11 provides that Defendants may, without leave of court, serve requests for admission on the plaintiff after commencement of the action. The motion for judgment was filed on February 28, 2001. The Request for Admissions was served on Martin on March 13, 2001. No response or objection was served on the defendants. Accordingly, more than twenty-one days having elapsed, the matters contained in the request for admission are admitted. Martin has admitted that no employee made any false representation to her that she relied upon to her detriment. She also has admitted that Gaye Clingenpeel has not committed fraud. Accordingly, Defendants are entitled to summary judgment.