## CIRCUIT COURT OF FAIRFAX COUNTY

Emeritus Communications, Inc.

v.

Benedictine College

October 29, 2001

Case No. (Law) 197461

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on Defendant's Motion to Quash Service of Process and Motion to Compel. The Court heard argument on October 12, 2001. During argument, the question arose whether Defendant had entered a general appearance by requesting discovery and filing a Motion to Compel.

Defendant argued that the discovery was sought under its special appearance, strictly for the purpose of determining the jurisdictional issue. Defendant contended that, because its discovery request and motion were made under its special appearance and were narrowly tailored to the jurisdictional issue, it did not enter a general appearance in the case. The Court then granted Defendant one week to file a brief with authority for its position. For the reasons set forth below, the Court holds that Defendant entered a general appearance in seeking discovery and that the jurisdictional challenge is therefore waived.

On brief, Defendant points the Court to *Abel v. Smith*, 151 Va. 568 (1928), to support its contention that discovery may be had under a special appearance. Defendant argues, by analogy, that its discovery request in this case did not constitute a general appearance. In Abel, the trial court permitted the defendants, who appeared specially to contest the court's jurisdiction, to depose witnesses in Washington, D.C. On appeal, the Supreme Court held that the taking the depositions did not constitute a general appearance. The Court applauds the quality of Defendant's research and concedes it was not aware of

this authority. After careful review and consideration, however, the Court concludes that *Abel* is not on point in this case.

The *Abel* Court permitted foreign depositions in furtherance of an evidentiary hearing on the jurisdictional issue. That is, the depositions permitted were in the nature of a *de bene esse* deposition. A *de bene esse* deposition is of a different character and quality than general discovery; it is evidence in itself, whereas discovery is merely designed to lead to admissible evidence. Here, Defendant invoked Part 4 of the Rules of the Supreme Court to request discovery and then ask the Court to compel the Plaintiff's response. "An appearance for *any* other purpose than questioning the jurisdiction of the court . . . is general and not special, although accompanied by the claim that the appearance is only special." *Gilpin v. Joyce*, 257 Va. 579, 581 (1999) (citing *Norfolk and Ocean View Ry. v. Consolidated Turnpike Co.*, 111 Va. 131, 136 (1910)) (emphasis added). Therefore, although Defendant asserted a special appearance, the discovery request constituted a general appearance in this case.

In the alternative, Defendant asked the Court's permission to withdraw its Motion to Compel and proceed with the Motion to Dismiss. Regrettably, the Court is not able to grant this relief. Once the general appearance is entered, Defendant cannot "undo" that appearance by withdrawing the motion. Defendant has already taken action to invoke the jurisdiction of the Court, thereby submitting to its jurisdiction. Accordingly, the Court denies the Defendant's Motion to Dismiss.