## CIRCUIT COURT OF THE CITY OF NORFOLK

New Life Christian Church

v.

Dynabilt Technology
International Corp.

August 29, 2002

Case No. (Law) L01-2294

BY JUDGE MARC JACOBSON

On September 14, 2001, Plaintiff New Life Christian Church filed a Motion for Judgment alleging breach of contract against Defendant Dynabilt Technology International Corp., a Florida corporation having its principal place of business in Florida. The Secretary of the Commonwealth was served on September 25, 2001, and the necessary papers were forwarded to Defendant by certified mail on October 3, 2001. The Secretary of the Commonwealth filed the Certificate of Compliance with this Court on October 16, 2001. On or about November 1, 2001, Harold Bader, President of Defendant, alleges he filed a written Special Appearance to Contest Jurisdiction. However, the Clerk of this Court did not receive the written Special Appearance until January 17, 2002.

On December 14, 2001, a notice of default judgment returnable on January 17, 2002, was issued by the Clerk's Office of this Court. On January 17, 2002, attorney S. Beryl Adler appeared on behalf of Defendant and moved for an extension of time to file responsive pleadings. An Order extending the filing time to February 8, 2002, was entered on February 27,

2002. On February 28, 2002, the Court entered an Order granting Mr. Adler leave to withdraw as Defendant's counsel.

To date, Defendant has not filed responsive pleadings. On April 11, 2002, Plaintiff filed a Notice and Motion for Entry of Judgment by Default. On April 15, 2002, Plaintiff filed an amended Notice and Motion, with a hearing date of June 13, 2002. On June 13, 2002, Defendant, by its new attorney, Linda Lee Cupit, filed another Special Appearance to Contest Jurisdiction, in which it prayed that the matter be dismissed. On June 17, 2002, Defendant filed a Notice and Motion to Quash Service of Process. On or about June 25, 2002, Defendant filed a Brief in Support of its Motion to Dismiss, and on or about July 10, 2002, Plaintiff filed its Brief in Opposition.

Pursuant to the Rules of the Virginia Supreme Court, a defendant has twenty-one days after receiving a copy of plaintiff's Motion for Judgment to file responsive pleadings. Va. Sup. Ct. R. 3:5; 3:17 (2001). Otherwise, the defendant is in default. *Id.* As a consequence, the defaulting party waives many of its trial rights, including the right to a jury trial, the ability to object to the admission of evidence, notice to take depositions, and notice of further proceedings, except that such notice will be forwarded to defendant's counsel of record. Va. Sup. Ct. R. 3:17. Also, the facts pleaded in plaintiff's Motion for Judgment are deemed admitted. Va. Sup. Ct. R. 1:4(e) (2001).

In the instant case, Defendant is in default. Defendant did not file a response within the twenty-one day period.[1] When this Court originally noticed Defendant of a default judgment on December 14, 2001, Defendant appeared by counsel to request an extension of time to file a response. This Court granted the request, yet Defendant still failed to comply within the new time period and to date has not filed any responsive pleadings in this case. Although Defendant is in default, before entering a valid Default Judgment, the Court considers whether Plaintiff's Motion for Judgment states a cause of action upon which relief may be granted. In addition, this Court must have territorial jurisdiction, subject-matter jurisdiction, and adequate notice must have been given to the defaulting party. *Landcraft Co. v. Kincaid*, 220 Va. 865, 870, 263 S.E.2d 419, 422 (1980). These conditions have been met in the instant case.

---

[1] Harold Bader, President of Defendant corporation, did file a document purporting to be a Special Appearance to Contest Jurisdiction received on January 17, 2002, but this Court does not recognize an alleged pleading on behalf of the corporation not filed by an attorney duly licensed to practice law in the Commonwealth of Virginia.

Plaintiff's Motion for Judgment states a cause of action upon which relief may be given. Plaintiff alleges that Defendant and Plaintiff entered into a contract for Defendant to supply Plaintiff with building materials. (Pl.'s Mot. for J. at ¶¶ 2, 4.) It is alleged that Defendant breached this contract by sending the materials late and in a damaged condition. *Id.* at ¶¶ 4-5. Plaintiff further alleges that this breach caused it to suffer damages. *Id.* at ¶ 6.

By mentioning the contract and attaching it as an exhibit to the Motion for Judgment, Plaintiff has made the contract part of its pleadings. Va. Sup. Ct. R. 1:4(i) (2001) ("[t]he mention in a pleading of an accompanying exhibit shall, of itself and without more, make such exhibit a part of the pleading"). The contract shows an agreement between the parties and an obligation by the Defendant to provide the specified building materials. (Pl.'s Mot. for J. Ex. A at 1.) Although the contract does limit the extent of Defendant's liability and permits the Defendant to choose to request binding arbitration, nothing in it bars Plaintiff's suit. *Id.* at 2.

The contract does contain a forum selection clause. Under Virginia law a forum selection clause is considered "prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power." *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.,* 240 Va. 337, 342, 397 S.E.2d 804, 807 (1990). However, the validity of the forum selection clause is not even before the Court, as Defendant has not asked the Court to enforce the clause. Defendant has made only two requests of this Court: (1) an extension of time to file responsive pleadings and (2) a Motion to Dismiss for lack of jurisdiction. In effect, Defendant seeks to enforce the forum selection clause or arbitration clause in the underlying contract without having pleaded same nor having raised same prior to being in default pursuant to the Rules of the Virginia Supreme Court.

By its clear language, the forum selection clause affects venue, not jurisdiction.[2] (Pl.'s Mot. for J. Ex. A at 2, ¶ 8.) "Jurisdiction is the power to adjudicate a case upon the merits and dispose of it [as] justice may require. Venue is merely the place fixed for trial." *County Sch. Bd. v. Snead,* 198 Va. 100, 104-05, 92 S.E.2d 497, 501 (1956) (citations omitted). Although jurisdiction may not be waived, venue will be waived if there is no timely objection. *Id.* at 105, 92 S.E.2d at 501. Venue is waived if not raised "within twenty-one days after

---

[2] "This Proposal and Contract shall be governed by the laws of Florida and the *venue* of any action between Dynabilt and Purchaser shall be Dade County, Florida." Pl.'s Mot. for J. Ex. A at 2, & 8 (emphasis added).

service of process commencing the action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court." Va. Code Ann. § 8.01-264 (2002). The presence of a forum selection clause would have provided Defendant solid grounds for objection to venue, but no such objection has been made. Therefore, the issue of venue has been waived.

This Court has personal jurisdiction at this time over Defendant.

> An appearance for any other purpose than questioning the jurisdiction of the court — because there was no service of process, or the process was defective, or the action was commenced in the wrong county, or the like — is general and not special, although accompanied by the claim that the appearance is only special.

*Gilpin v. Joyce*, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999) (quoting *Norfolk and Ocean View Ry. v. Consolidated Turnpike Co.*, 111 Va. 131, 136, 68 S.E. 346, 348 (1910)). A general appearance subjects the party to the jurisdiction of this Court. *Id.* at 581, 515 S.E.2d at 125 (citing *Nixon v. Rowland*, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951)). Defendant made a general appearance when it appeared, by counsel, to request an extension of time for filing responsive pleadings.

Moreover, this Court has subject matter jurisdiction in this case. A circuit court has "original and general jurisdiction of all cases in chancery and civil cases at law, except cases at law to recover personal property or money not of greater value than $100, exclusive of interest, and except such cases as are assigned to some other tribunal." Va. Code Ann. § 17.1-513 (2002). In the instant case, Plaintiff is proceeding at law for money damages in the amount of $250,000.00, an amount well within the exclusive subject matter jurisdiction of this court.

Finally, Defendant received adequate notice of Plaintiff's Motion for Judgment. The Secretary of the Commonwealth certified to this Court that it sent the Notice of Motion of Judgment and the Motion for Judgment to Defendant by certified mail. (Cert. of Compliance.) Defendant's Special Appearance to Contest Jurisdiction stated that Defendant, in fact, received the notice. (Def.'s Special Appearance to Contest Jurisdiction at ¶ 3.)

The Court denies Defendant's Motion to Dismiss and the Court finds that the Defendant is in default in accordance with the Rules of the Virginia Supreme Court and Plaintiff's Motion for Default Judgment is granted. The issue of damages, if any, shall be determined at a date and time to be promptly set before this Court.