Antonio Demond McPHEARSON,

v.

A.L. ANDERSON, and M.D. Andersen, Defendants.

Action No. 2:12cv244.

United States District Court, E.D. Virginia, Norfolk Division.

July 6, 2012.

Robert Henry Smallenberg, Metropolitan Law Center PLC, Ashland, VA, for Plaintiff.

Melvin Wayne Ringer, Office of the City Attorney, Norfolk, VA, Jeffrey R.B. Notz, M. Alice Rowan, Prince William, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on M.D. Andersen's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), filed on April 30, 2012.[1] Plaintiff, Antonio Demond McPhearson, originally filed his Complaint in the Circuit Court of the City of Norfolk, Virginia, on March 26, 2012. Plaintiff filed suit against defendant M.D. Andersen and codefendant A.L. Anderson[2] in both their individual and official capacities. *See* Compl. ¶¶ 2–3. Defendant M.D. Andersen removed the action to this court on April 30, 2012, pursuant to 28 U.S.C. § 1446. Codefendant A.L. Anderson consented to removal on May 1, 2012. Plaintiff has not responded to the Motion to Dismiss, and the deadline for response has passed; this matter is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

This suit arises out of an unfortunate case of inaccurate identification and mistaken arrest. Plaintiff asserts that on or about November 24, 2009, Donaesha Carter was allegedly assaulted by her father, Antonio *Roshawn McPherson*, who is not related to the instant plaintiff, in Norfolk, Virginia. *Id.* ¶ 4. Subsequently, an arrest warrant was issued for plaintiff, Antonio *Demond McPhearson*, in relation to this incident. *Id.* ¶ 9. Both plaintiff and defendant M.D. Anderson agree that on May 5, 2010, while working as a police officer in Prince William County, Virginia, defendant M.D. Andersen stopped a car in which plaintiff was a passenger and ran plaintiff's information. *See id.* ¶¶ 16–18; Mem. Supp. 4. Defendant M.D. Andersen informed plaintiff that he was wanted on an outstanding domestic assault warrant issued in Norfolk, Virginia, and arrested him. *See* Compl. ¶¶ 18, 22; Mem. Supp. 4–5. There appears to be no dispute that the warrant in question did in fact identify plaintiff, Antonio Demond McPhearson, and contain information describing him.

---

1. Defendant M.D. Andersen also filed an accompanying Memorandum of Points and Authorities in Support of Motion to Dismiss ("Memorandum in Support").

2. The two defendants in this case have confusingly similar names. Codefendant A.L. Anderson's Motion to Dismiss was addressed in a separate Memorandum Opinion and Order.

*See* Compl. ¶¶ 9, 18; Mem. Supp. 10–11. Although plaintiff protested that he did not commit the crime, and indeed had never lived in Norfolk, plaintiff was transported to the Prince William County Detention Center. Complaint ¶¶ 19–22; *see also* Mem. Supp. 5. Plaintiff also alleges that defendant M.D. Andersen "appeared before a Magistrate for the County of Price [sic] George and indicated that Plaintiff was the person sought by the warrant out of Norfolk, Virginia." Compl. ¶ 41. Plaintiff alleges that the proceedings were eventually terminated in his favor. *Id.* ¶ 44.

As a result of these events, plaintiff filed suit in the Circuit Court of the City of Norfolk, Virginia, which suit was subsequently removed to this court.[3] The Complaint asserts three causes of action against defendant M.D. Andersen, in both his official and individual capacities: Count 1 alleges violations of 42 U.S.C. § 1983; Count 2 alleges a Virginia common law claim of false imprisonment; and Count 3 alleges a Virginia common law claim of intentional infliction of emotional distress. *Id.* ¶¶ 31–53. Defendant M.D. Andersen now moves this court to dismiss these allegations for lack of personal jurisdiction, improper service, improper venue, and failure to state a claim, or, in the alternative, to treat his Motion to Dismiss as a motion for summary judgment and resolve these claims in his favor. Defendant also requests attorney's fees and costs. Plaintiff has not responded to the Motion to Dismiss. The court examines each of the asserted grounds for dismissal in turn.

## II. *LACK OF PERSONAL JURISDICTION/SERVICE*

Defendant M.D. Andersen, appearing specially by counsel in his individual capacity, argues that this court lacks personal jurisdiction over him and that service of process has been insufficient. *See* Mem. Supp. 8–9. Therefore, defendant M.D. Andersen requests that all claims against him in his individual capacity be dismissed, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). *Id.*

■ When deciding a pre-trial personal jurisdiction motion under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff need only make a prima facie showing of personal jurisdiction," and "the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir.2003) (internal citations omitted). Defendant M.D. Andersen is a Prince William County police officer, *see* Mem. Supp. 1, and thus, presumably, resides in Virginia. Proper service would give the court jurisdiction over him, pursuant to Federal Rule of Civil Procedure 4(k)(1), so the issues of personal jurisdiction and service can be treated as a single inquiry.

■ For a federal court to exercise personal jurisdiction over a defendant, a plaintiff must have properly served process on the defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Defendant M.D. Andersen argues that proper service has not been made upon him in his individual capacity; on this point, the court has no evidence to the contrary.[4] However, Federal Rule of Civil Procedure 4(m) provides for a time period of 120 days for service of each defendant. Plaintiff's Complaint was originally filed on March 26, 2012, and was removed on April 30, 2012. No precise calculation is necessary to assess that plaintiff has not ex-

---

**3.** *See supra* at 1.

**4.** Plaintiff has the burden of proving service. *See* Fed.R.Civ.P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court.").

hausted his time to accomplish service;[5] defendant M.D. Andersen's request for dismissal on this basis, therefore, is groundless at this time.

Moreover, defendant M.D. Andersen has effectively waived his right to contest personal jurisdiction or service due to his filings in state court prior to removal. Although Federal Rule of Civil Procedure 12(b) abolished the distinction between special appearances and general appearances in federal court, such distinction lives on in Virginia law. *See, e.g., Gilpin v. Joyce,* 257 Va. 579, 581, 515 S.E.2d 124 (1999) ("A general appearance is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court.") (internal quotations and citation omitted). This is important, because

> [s]tate rules and procedures control the procedure for the filing of the action until removal to the federal court has been effected. . . . Thus, during this period between filing of the action in state court and its removal to the federal court, a defendant may lose his right to challenge personal jurisdiction if he has taken any action which under state law will qualify as a waiver of such rights on his part.

*Mobil Oil Co. v. Jimenez,* No. 91–2012, 1991 U.S.App. LEXIS 26981, at *6–*7 (4th Cir. June 3, 1991) (unpublished).

Defendant M.D. Andersen filed a Special Plea in Bar and Demurrer ("Special Plea") in the Circuit Court of the City of Norfolk on April 24, 2012, six days before the case was removed to this court. *See* Special Plea, ECF No. 1–1, at 11–25.[6] In the Special Plea, defendant M.D. Andersen

claimed to make a special appearance in his individual capacity by counsel and asserted defects in personal jurisdiction, venue, and service of process. *Id.* at 14. However, in the same Special Plea, defendant M.D. Andersen also asserted that "the Complaint fails to state a claim for which relief may be granted as to Officer Andersen in his individual and official capacities, and accordingly he asks [the Norfolk Circuit Court] to dismiss the action with prejudice." *Id.; see also id.* at 23 (arguing, in conclusion, that qualified immunity and sovereign immunity provided a proper basis for dismissal of the lawsuit "as to Officer Andersen in his official and individual capacity"). These assertions of grounds of defense in his individual capacity render his appearance general, making it equivalent to personal service of process under Virginia law. *See Gilpin,* 257 Va. at 581, 515 S.E.2d 124 ("An appearance for any other purpose than questioning the jurisdiction of the court—because there was no service of process . . . or the like— is general and not special, although accompanied by the claim that the appearance is only special . . . . [B]y filing a grounds of defense . . . Joyce made a general appearance in the court trial proceedings.") (emphasis omitted). Thus, defendant M.D. Andersen effectively waived service of process prior to removal, and the court has jurisdiction over him in his individual capacity.

## III. IMPROPER VENUE

▌Defendant M.D. Andersen also generally alleges improper venue, under Federal Rule of Civil Procedure 12(b)(3), in regard to the claims against him in his individual capacity. *See* Mem. Supp. 8–9.

---

**5.** *But see* Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial 5:264* (The Rutter Group 2008) (stating that in cases removed from state court, the plaintiff has 120 days after the date of removal to complete service).

**6.** The content of this Special Plea is largely the same as the Memorandum in Support subsequently filed in this court on April 30, 2012.

Like personal jurisdiction, a plaintiff need only make a prima facie showing of venue. *See Mitrano v. Hawes,* 377 F.3d 402, 405 (4th Cir.2004). However, "venue for actions brought in state court and later removed to federal court is governed by 28 U.S.C. § 1441(a), and not the general venue rules found in 28 U.S.C. § 1391." *Price v. Leasecomm Corp.,* No. 1:03cv685, 2004 WL 727028, at *3, 2004 U.S. Dist. LEXIS 5467, at *7 (M.D.N.C. Mar. 31, 2004) (citing *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665–66, 73 S.Ct. 900, 97 L.Ed. 1331 (1953)). The Norfolk Division of the Eastern District of Virginia is "the district and division embracing the place where" the suit was pending, 28 U.S.C. § 1441(a), as the case was originally filed in Circuit Court of the City of Norfolk, Virginia. Any objection to venue is unfounded.

## IV. FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions[.] [A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,*

550 U.S. at 570, 127 S.Ct. 1955). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[ ] consist[ency]" with unlawful conduct. *Id.* (citing *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

■ The Supreme Court, in *Twombly* and *Iqbal,* offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. *Venkatraman v. REI Sys.,* 417 F.3d 418, 420 (4th Cir.2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.[7]

---

7. In support of his Motion to Dismiss, defendant M.D. Andersen attaches the warrant identifying plaintiff. *See* Mot. Dismiss Ex. A, at 2–3. "When a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the

plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir.2004) (alterations and citation omitted). Plaintiff has not challenged the warrant's authenticity, and he clearly relies on it throughout his Complaint: the warrant forms the basis of plaintiff's alle-

### A. Violations of 42 U.S.C. § 1983

Plaintiff alleges violations of 42 U.S.C. § 1983 in relation to his arrest, arguing that defendant M.D. Andersen deprived him of his Fourth, Fifth, and Fourteenth Amendment rights. Compl. ¶ 32. Defendant M.D. Andersen argues that the court should dismiss this claim against him because he acted "lawfully and reasonably; therefore, this suit fails to state a cause of action for which relief may be granted and, pursuant to FRCP 12(b)(6), it should be dismissed." Mem. Supp. 11.

#### 1. Individual Capacity

■■■■ Plaintiff's Complaint simply does not allege a violation of 42 U.S.C. § 1983 against defendant M.D. Andersen in his individual capacity. "Actions under 42 U.S.C.1983 based upon claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." *Day v. Milan*, No. 1:11cv97, 2011 U.S. Dist. LEXIS 125334, at *11 (E.D.Va. Oct. 28, 2011). "The Fourth Amendment is not violated by a seizure or arrest supported by probable cause, even though the wrong person is arrested." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). A facially valid arrest warrant provides the arresting officer with sufficient probable cause to arrest the individual identified in the warrant. *Baker v. McCollan*, 443 U.S. 137, 143–44, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Therefore, "[a] public official cannot be charged with false arrest when he arrests a defendant

pursuant to a facially valid warrant.... Thus, we recognize implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir.1998) (citing *Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir. 1996)).

■■■ Here, the alleged facts demonstrate that all parties agree that defendant M.D. Andersen arrested plaintiff pursuant to a facially valid warrant naming plaintiff. *See* Compl. ¶¶ 18, 22; Mem. Supp. 4–5. Plaintiff does not allege in his Complaint that the warrant was obviously invalid. Rather, the plaintiff's Complaint affirmatively alleges that the information selected by codefendant A.L. Anderson for swearing out the warrant (erroneously) matched plaintiff's information, rather than that of the intended alleged assailant, Antonio Roshawn McPherson. *See* Compl. ¶¶ 9–10. Further, plaintiff alleges defendant M.D. Andersen was alerted to the warrant when it matched plaintiff's identification information, provided during the traffic stop on May 5, 2010. *Id.* ¶ 18. Defendant M.D. Andersen agrees that the information on the warrant matched plaintiff's information. *See* Mem. Supp. 10. Indeed, the court itself has the benefit of examining the actual warrant,[8] which is signed by a magistrate and plainly lists plaintiff Antonio *Demond McPhearson* as the accused, and not the alleged assailant, Antonio *Roshawn McPherson*. In short, the pleadings contain factual allegations that

---

gations against codefendant A.L. Anderson, *see* Compl. ¶ 9, and is at the heart of plaintiff's alleged interactions with defendant M.D. Andersen. *See* Compl. ¶¶ 18, 21, 41–44. Moreover, "[a] district court may consider public records in deciding a motion to dismiss without converting the motion to one for summary judgment." *Carter v. Baltimore Cnty.*, 39 Fed. Appx. 930, 933 (4th Cir.2002) (unpublished) (quoting *Kostrzewa v. City of Troy*, 247 F.3d

633, 644 (6th Cir.2001)); *see also Hall v. Commonwealth*, No. 1265–99–2, 2000 WL 385532, at *2, 2000 Va.App. LEXIS 287, at *5 (Apr. 18, 2000) (discussing public records in Virginia). Thus, the court's consideration of the warrant, a public document, does not necessitate conversion of the Motion to Dismiss into a motion for summary judgment.

**8.** *See supra* note 7.

defendant M.D. Andersen arrested plaintiff pursuant to a facially valid warrant in plaintiff's name. While plaintiff alleges he was not the person properly sought for the underlying crime, *see* Compl. ¶ 34, and that defendant M.D. Andersen did not listen to his protests that the warrant was in error or "make the slightest effort to determine" if the warrant was correct, *see id.* ¶¶ 19–21, 42–43, these alleged facts do not change the legal analysis under § 1983. Thus, this is not even a case, as in *Day,* in which the arresting officer made a reasonable mistake about identity. Rather, as in *Porterfield,* the alleged facts indicate defendant M.D. Andersen arrested the plaintiff pursuant to a facially valid warrant; therefore, no plausible § 1983 claim for false arrest can be alleged against him in his individual capacity.

■ The doctrine of qualified immunity provides an equally valid basis for dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6). "Qualified immunity is an immunity from suit, not merely a defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).[9] "The Fourth Circuit has definitively held that the qualified immunity doctrine protects police officers who mistakenly make an arrest, so long as that arrest is supported by probable cause." *Day,* 2011 U.S. Dist. LEXIS 125334, at *17–*18 (internal quotations omitted). "An officer who makes an arrest pursuant to warrant is entitled to qualified immunity unless 'the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'" *Jones v. Camden Police Dep't,* No. 3092161, 2010 WL 3489021, at *4, 2010 U.S. Dist. LEXIS 90928, at *10–*11 (D.S.C. Aug. 13, 2010) (quoting *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct.

1092, 89 L.Ed.2d 271 (1986)); *see also Porterfield,* 156 F.3d at 568.

Plaintiff has not alleged any facial defect with the warrant at issue here. *See* discussion *supra* at 580–81. Indeed, not only do the alleged facts demonstrate that defendant M.D. Andersen's arrest was supported by probable cause, they also demonstrate that plaintiff was in fact named in the facially valid warrant, and no constitutional right was violated. *See supra* at 581. Thus, qualified immunity is available to defendant M.D. Andersen under the facts alleged in the Complaint, and it provides an additional basis for finding that plaintiff's § 1983 allegation fails to state a claim upon which relief can be granted. Plaintiff's § 1983 claim against defendant M.D. Andersen in his individual capacity is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2. Official Capacity

■ A claim brought against a public official in his official capacity is treated as an action against the public employer. *See Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Defendant M.D. Andersen was a police officer in Prince William County, Virginia, during the incident in question, and was employed by the Board of County Supervisors of Prince William County, Virginia. *See* Mem. Supp. 2–3. Therefore, plaintiff's claims against him in his official capacity are treated as actions against the Board of County Supervisors of Prince William County, Virginia.

■ Plaintiff has failed to state a claim against defendant M.D. Andersen in his official capacity. "A municipality cannot be held liable under Section 1983 un-

---

**9.** *See generally Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (explaining that qualified immunity turns on whether the facts demonstrate a constitutional violation and whether the constitutional right is clearly established).

less action pursuant to official municipal policy of some nature caused [the] constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff's Complaint is void of even a single reference to the Board of County Supervisors of Prince William County, let alone allegations regarding Board policies resulting in a constitutional violation.[10] Further, "[a]s there are no underlying constitutional violations by any individual, there can be no municipal liability." *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir.1999). Thus, plaintiff's § 1983 claim against defendant M.D. Andersen in his official capacity is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

## B. *Common Law False Imprisonment*

Plaintiff's next claim is that defendant M.D. Andersen committed the Virginia common law tort of false imprisonment. Compl. ¶ 39. In support, plaintiff alleges "[t]hat the restraint, seizure and arrest of Plaintiff was entirely without probable cause or any sufficient legal excuse whatsoever and constituted false imprisonment." *Id.* Defendant M.D. Andersen again argues that the court should dismiss this claim against him because he acted with probable cause and arrested plaintiff pursuant to a facially valid warrant. *See* Mem. Supp. 11.

▪ Plaintiff's common law false imprisonment claim against defendant M.D. Andersen, in both his individual and official capacity, falls short of stating a claim upon which relief can be granted for similar reasons as above. False imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W.T. Grant Co. v. Owens*, 149 Va. 906, 921, 141 S.E. 860 (1928). "The gist of the action is the ille-

gal detention of the person without lawful process, or the unlawful execution of lawful process." *Kress and Co. v. Roberts*, 143 Va. 71, 75, 129 S.E. 244 (1925). Put another way,

> [s]tating a claim for false imprisonment requires an allegation that the process which resulted in the arrest was not lawful.... Accordingly, a warrant "regular on its face" does not give rise to a cause of action for false imprisonment "even though the warrant was procured ... without probable cause."

*Coughlan v. Jim McKay Chevrolet Inc.*, 18 Va.Cir. 265, 265–66 (1989) (quoting *Motley v. Va. Hardware & Mfg. Co.*, 287 F.Supp. 790, 792 (W.D.Va.1968)).

▪ Here, plaintiff alleges defendant M.D. Andersen falsely imprisoned him, based on allegations which, if true, demonstrate that the arrest was based on an outstanding warrant in plaintiff's name and matching his information. *See* discussion *supra* at 580–81. The Complaint contains no allegation that the warrant was irregular on its face; instead, plaintiff focuses on an alleged lack of probable cause for the arrest. *See* Compl. ¶¶ 39, 41. To the extent plaintiff is alleging a lack of probable cause supporting the issuance of the warrant, it is immaterial to this claim against defendant M.D. Andersen. *See Coughlan*, 18 Va. Cir. at 265–66. To the extent plaintiff alleges defendant M.D. Andersen lacked probable cause to carry out the arrest, the court need not, and will not, accept this unsupported legal allegation as true. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. Indeed, as discussed above, taking the alleged facts in the Complaint as true, the existence of the warrant established probable cause for defendant M.D. Andersen's arrest of plaintiff, *see Horne v. Commonwealth*, 230 Va. 512, 517, 339 S.E.2d

---

10. Given the inadequacy of the pleadings, the court finds no need to reach defendant M.D. Andersen's summary assertion of sovereign immunity. *See* Mem. Supp. 13–14.

186 (1986), and renders any claim for false imprisonment against defendant M.D. Andersen in his individual capacity implausible. Likewise, the same allegations are insufficient to support a claim against defendant M.D. Andersen in his official capacity.[11]

Defendant M.D. Andersen is also immune from plaintiff's claim under the doctrine of qualified immunity. *See Day*, 2011 U.S. Dist. LEXIS 125334, at *19–*20 (citing *DeChene v. Smallwood*, 226 Va. 475, 311 S.E.2d 749 (1984), and explaining that "[t]he Supreme Court of Virginia has concluded that an officer's entitlement to qualified immunity for a particular arrest vitiates liability for battery, assault, and false assault and false imprisonment claims based on that arrest"); *supra* at 581. Thus, plaintiff has failed to state a claim for false imprisonment against defendant M.D. Andersen, either in his individual or official capacity, and the claim is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. *Common Law Intentional Infliction of Emotional Distress*

Finally, plaintiff brings a common law claim of intentional infliction of emotional distress against defendant M.D. Andersen. Plaintiff alleges, in true "bare bones" fashion, that defendant M.D. Andersen "deliberately and intentionally inflicted emotional distress upon Plaintiff" through his arrest on "baseless, unwarranted charges," that "emotional distress was the likely result," that the conduct "was extreme and outrageous," and that emotional distress resulted. Compl. ¶¶ 47–51. Defendant M.D. Andersen responds that any reasonable officer would have arrested the plaintiff on these facts, and no cause of action for intentional infliction of emotional distress exists. Mem. Supp. 15.

■ A cause of action for intentional infliction of emotional distress requires a showing of four elements: "the wrongdoer's conduct was intentional or reckless;" "the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;" "a causal connection between the wrongdoer's conduct and the emotional distress;" and last, "the emotional distress was severe." *Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145 (1974). "[S]uch torts are not favored in the law." *Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412 (1989). "[L]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160 (1991).

■ Here, plaintiff's claim insufficiently alleges facts to establish a cause of action. Assuming defendant M.D. Andersen did everything plaintiff alleges in his Complaint, the conduct simply does not rise to a level of being "utterly intolerable in a civilized community." *Id.* As covered above, plaintiff's allegations rest on the fact that defendant M.D. Andersen arrested him after running plaintiff's identification and finding that he was wanted on a facially valid warrant. *See supra* at 580–81. Such an action by an arresting officer simply cannot meet the second element of the tort, even if the underlying charges

---

11. Moreover, plaintiff did not assert any facts regarding the role of the Board of County Supervisors of Prince William County in this claim, which would also be barred by sovereign immunity. *See Seabolt v. Cnty. of Albemarle*, 283 Va. 717, 719, 724 S.E.2d 715 (2012) ("[C]ounties ... enjoy the same tort immunity as does the sovereign."); *Niese v. City of Alexandria*, 264 Va. 230, 240, 564 S.E.2d 127 (2002) (holding that a municipality is immune from alleged intentional torts by an investigating police officer.)

were baseless and unwarranted. *Cf. Womack,* 215 Va. at 342, 210 S.E.2d 145 ("It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery."). Virginia courts have similarly, and more summarily, dismissed intentional infliction of emotional distress claims arising out of lawful conduct by law enforcement officers. *See, e.g., Emineth v. Winston,* 13 Va.Cir. 340, 344–45 (1988) (holding the lawfulness of plaintiff's detention required dismissal of an intentional infliction of emotional distress claim).[12] Thus, plaintiff has failed to state a claim for intentional infliction of emotional distress against defendant M.D. Andersen, either in his individual or official capacity,[13] and the claim is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V. ATTORNEY'S FEES

Defendant M.D. Andersen also requests that the court "grant defendant's attorneys' fees and costs." Mot. Dismiss 2. Under the "American Rule," attorney's fees generally are not awarded to the prevailing party absent specific statutory authority. *See Key Tronic Corp. v. United States,* 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994). However, pursuant to 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs" in a suit brought under 42 U.S.C. § 1983. To recover, a defendant must show that the plaintiff's claim was "either frivolous, unreasonable, or groundless, or the plaintiff must have continued to litigate after it clearly became so."

*Unus v. Kane,* 565 F.3d 103, 127 (4th Cir.2009) (internal quotations omitted). Given the lack of any corresponding argument in the Memorandum in Support, and in light of the alleged harm to plaintiff stemming from the underlying incident and the pending claims against codefendant A.L. Anderson, the court declines to classify this action as frivolous or groundless, although it borders on such. Thus, the court exercises its discretion and **DENIES** defendant M.D. Andersen's request for attorney's fees. Costs may still be awarded pursuant to Federal Rule of Civil Procedure 54. *See* Local Civil R. 54.

## VI. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant M.D. Andersen's Motion to Dismiss, and **DISMISSES** Counts 1, 2, and 3 of plaintiff's Complaint against defendant M.D. Andersen in his individual and official capacity. The court **DENIES** defendant M.D. Andersen's request for attorney's fees. The court **DIRECTS** the Clerk to enter judgment in favor of defendant M.D. Andersen and forward a copy of this Memorandum Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

---

12. Additionally, the court notes that while plaintiff alleges defendant M.D. Andersen acted "deliberately and intentionally" to inflict emotional distress, Compl. ¶ 48, the Complaint contains no alleged facts indicating that defendant M.D. Andersen had the requisite knowledge to support such a legal conclusion.

*See Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

13. *See also supra* note 11.